**William S. BENNETT, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 31S01–0402–CR–52.

Supreme Court of Indiana.

Feb. 5, 2004.

Transfer Granted Feb. 5, 2004.

William S. Bennett, Carlisle, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

William S. Bennett filed his Brief of Appellant after obtaining leave to file a belated appeal. In response to a motion by the State, the Court of Appeals dismissed the appeal on grounds of *res judicata*. We grant Bennett's petition to transfer and address claims not previously addressed.

## Facts and Procedural History

This case has a tortured history. However, for our purposes the relevant facts are these. In 1995, Bennett pleaded guilty to attempted murder in Crawford County and was sentenced to a term of forty years. In that same year, he also pleaded guilty to robbery in an unrelated case in Harrison County for which he was sentenced to a term of ten years. The Harrison County trial court ordered the sentence to run consecutively to the sentence imposed in Crawford County. Bennett filed a Motion to Correct Erroneous Sentence challenging the trial court's authority to impose consecutive sentences. In support, he cited *Kendrick v. State*, 529 N.E.2d 1311 (Ind.1988) and other pre–1995 cases. The trial court denied the motion, and Bennett sought appellate review. However, the Court of Appeals dismissed the attempted appeal because Bennett's Notice of Appeal was untimely filed. In an order denying transfer, this Court addressed the merits of Bennett's claim. We noted, "the General Assembly amended the applicable sentencing statute in 1994 to state that '[t]he court may order terms of imprisonment be served consecutively even if the sentences are not imposed at the same time.'" Order dated February 15, 2002. We further explained, "[t]his amendment had the effect of overturning the contemporaneousness requirement of *Kendrick.*" *Id.*

Thereafter, Bennett sought and was granted leave by the Court of Appeals to file a belated appeal. In his appellate brief, Bennett devoted the majority of his argument challenging the trial court's authority to impose consecutive sentences. In fact in his "Statement of the Issues" Bennett's sole contention was "whether tri-al court erred by imposing consecutive sentence." Br. of Appellant at 1. The State responded by filing a motion to dismiss on grounds of *res judicata* arguing that this Court previously addressed the merits of the consecutive sentencing issue in the order denying transfer. The Court of Appeals agreed and dismissed the appeal. Buried near the end of Bennett's twenty-seven page handwritten *pro se* brief, Bennett also contended the trial court erred (1) in failing to articulate why consecutive sentences were being imposed, (2) in failing to advise him that consecutive sentences could be imposed, and (3) in failing to give him full credit for pre-trial confinement. *See* Br. of Appellant at 23–26. We grant Bennett's petition to transfer and address these claims.[1]

## Discussion

■ Bennett entered a plea agreement that provides in relevant part: "Sentence: Ten (10) years at IDC, with all but Five (5) years suspended and Five (5) years to serve consecutive to Crawford County." Appellant's App. at 52. When a sentencing court exercises its discretion to enhance a presumptive sentence, orders that sentences be served consecutively, or both, the record must identify relevant factors which underlie that decision. *Saunders v. State*, 584 N.E.2d 1087, 1088–89 (Ind.1992). However, the trial court's discretion is limited where the sentence is imposed pursuant to a plea agreement. A plea agreement is contractual in nature, binding the defendant, the State, and the trial court. *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind.1994). It is within the trial court's discretion to accept or reject a plea agreement and the sentencing provisions therein; however, if the court accepts such an agreement, it is strictly

---

1. Once again Bennett contends the trial court lacked statutory authority to impose consecutive sentences. We addressed this issue in our order of February 15, 2002 and decline to elaborate further.

bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement. *State ex rel. Goldsmith v. Marion County Superior Court*, 275 Ind. 545, 419 N.E.2d 109, 114 (1981).[2] In sum, the trial court is not required to provide specific reasons for imposing a consecutive sentence when it is "imposing sentence pursuant to a plea agreement." *Silvers v. State*, 499 N.E.2d 249, 253 (Ind.1986). Here, the trial court accepted the plea agreement entered between Bennett and the State and sentenced Bennett pursuant to its terms. Bennett's claim that the trial court erred in failing to articulate its reasons for imposing a consecutive sentence thus fails.

In like fashion Bennett's claim that the trial court erred in failing to advise him of the possibility of the imposition of consecutive sentences, *see* Ind.Code § 35-35-1-2(a)(3), also fails. The recommended sentencing set forth in the plea agreement called for the sentences to be served consecutively. The trial court was bound to sentence Bennett accordingly. *See Goldsmith, supra.*

Finally, the trial court awarded Bennett 230 days of pre-trial credit time. Bennett contends "since the consecutive order in Bennett's sentence is without statutory authority, Bennett is entitled to receive full credit for all time spent by him in pretrial confinement awaiting final disposition on the robbery charge." Br. of Appellant at 25–26. Bennett is incorrect. Again, the trial court did not err in imposing consecutive sentences. Further, "where a defendant is confined during the same time period for multiple offenses for which he is convicted and sentenced to consecutive terms, credit time is applied

against the aggregate sentence, not against each individual sentence." *Lanham v. State*, 540 N.E.2d 612, 613 (Ind.Ct. App.1989). Bennett cannot prevail on this issue.

### Conclusion

We grant transfer and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

---

2. Of course, even if the product of an agreement, a sentence imposed contrary to statutory authority would render a plea agreement void and unenforceable. *See Sinn v. State,* 609 N.E.2d 434, 436 (Ind.Ct.App.1993). In this case there was no statutory impediment to the imposition of Bennett's sentence.