# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**TERESA L. CATALDO**
Bristol, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN. L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jun 06 2012, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KEITH D. JACKSON, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 20A03-1105-CR-222 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0910-FB-63 & 20C01-0412-FB-196

**June 6, 2012**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Keith Jackson (Jackson), appeals his sentence for possession of a firearm by a serious violent felon, Ind. Code § 35-47-4-5(c), and the trial court's revocation of his probation and imposition of the balance of his suspended sentence in a separate, earlier Cause.

We reverse and remand.

## ISSUES

Jackson raises three issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion by sentencing Jackson to community service;

(2) Whether the trial court abused its discretion by ordering Jackson to pay public defender fees of $500; and

(3) Whether the trial court abused its discretion by imposing the balance of Jackson's suspended sentence following revocation of his probation in a separate Cause.

## FACTS AND PROCEDURAL HISTORY

On December 23, 2004, the State filed an Information in Cause Number 20C01-0412-FB-00196 (Cause No. 196), charging Jackson with robbery using a deadly weapon, a Class B felony, I.C. § 35-42-5-1. On July 7, 2005, Jackson entered into a guilty plea with the State in which he pled guilty to the charge in exchange for a twelve-year

2

sentence at the Department of Correction (DOC), with four years suspended, and all other conditions left to the trial court's discretion. On August 4, 2005, the trial court accepted the plea agreement and sentenced Jackson in accordance with its terms. Jackson was released from the DOC on April 12, 2009.

On October 28, 2009, the State filed an Information in Cause Number 20C01-0910-FB-00063 (Cause No. 063), charging Jackson with unlawful possession of a firearm by a serious violent felon, a Class B felony, I.C. § 35-47-4-5(e). On October 29, 2009, the probation department filed its petition for violation of probation in Cause No. 196. The petition recommended that the trial court revoke Jackson's probation and order him to serve the balance of his four-year suspended sentence at the DOC.

On January 11, 2010, Jackson and the State filed a plea agreement with the trial court in Cause No. 063. Under the terms of the plea agreement, Jackson pled guilty to the charge in Cause No. 063 and admitted the probation violation in Cause No. 196. In exchange, the State agreed to the following:

> [T]welve year incarceration with [six] of those [twelve] years suspended in [Cause No. 063]. [Two] years served (as one with good-time credit) in [Cause No. 196.] Discharged from probation in [Cause No. 196.] Case closed[.] Probation to calculate credit time in [Cause No. 063].

(Appellant's App. p. 163). At the hearing on the plea agreement, the trial court accepted the plea agreement and agreed to be "bound by the terms of the plea agreement." (January 11, 2011 Transcript p. 19). The trial court confirmed the terms of the plea agreement as to both Cause numbers and specifically noted the two-year sentence, good time credit, and discharge from probation in Cause No. 196.

3

On February 3, 2011, the trial court held Jackson's combined sentencing and sanctioning hearing. Jackson's counsel explained to the trial court that the credit time provision of the plea agreement meant that Jackson's 468 days of prior incarceration should be allotted as follows: 365 days to his probation violation in Cause No. 196 and 103 days in Cause No. 063. As a result, Jackson would be discharged from probation in Cause No. 196. The probation department would then be left to calculate the time in Cause No. 063, taking the remaining 103 days into account.

The trial court agreed to allocate the credit time as suggested by Jackson's counsel. The trial court then sentenced Jackson to a twelve-year executed sentence, with six years suspended on probation in Cause No. 063. The trial court imposed a fine of $7,000, which was also suspended. The trial court then questioned Jackson as follows:

[TRIAL COURT]: Are you able to work, Mr. Jackson?

[JACKSON]: Excuse me, sir?

[TRIAL COURT]: Are you able to work?

[JACKSON]: Yes, sir.

[TRIAL COURT]: So while on probation you could earn $500 to reimburse the county a reasonable sum for the public defender services. Correct?

[JACKSON]: Yes, sir.

[TRIAL COURT]: And perform 50 hours of community service restitution. You can do that also?

[JACKSON]: Yes, sir.

4

[TRIAL COURT]:  It is so ordered.  [The c]ourt will also order the credit time allocated and calculated between [Cause No. 063] and [Cause No. 196].  Probation will file a memorandum with the [c]ourt.  The [c]ourt will then issue an amendment to its sentencing order and abstract to include the correct credit time on each case.  [Cause No. 196] he's discharged from probation.  Correct?

[STATE]:  Correct.

[TRIAL COURT]:  Correct?

[JACKSON'S COUNSEL]:  Yes, your Honor.

(February 3, 2011 Tr. pp. 5-6).

On February 8, 2011, Jackson filed his handwritten motion to correct error with the trial court.  Jackson alleged that the trial court had erred by imposing additional sanctions not specified in the plea agreement.  On February 24, 2011, Jackson filed a letter with the trial court elaborating on the allegations in his motion to correct error.  Jackson disputed that the fifty hours of community service and reimbursement of $500 dollars in public defender fees were conditions of his plea agreement in Cause No. 063.  Jackson also contended that he had not been afforded the agreed upon credit time in Cause No. 196.

On February 25, 2011, the probation department submitted its credit time calculation memorandum to the trial court.  The memorandum showed Jackson's incarceration time prior to his conviction in Cause No. 063 as 473 days.  However, the probation department concluded that Jackson was "entitled to zero (0) days credit against the 4 year sentence imposed" in Cause No. 196 because "[Jackson] was incarcerated in the Elkhart County correctional facility under [Cause No. 196]."  (Appellant's App. p

5

52). On March 24, 2011, the trial court held a hearing. That same day, the trial court issued its order revoking Jackson's probation in Cause No. 196 and ordering him to serve four years, with no days credited. In Cause No. 063, however, the trial court ordered that Jackson receive 473 days credit plus 473 days earned credit time.

On April 15, 2011, Jackson filed a motion to correct erroneous sentence in both Cause No. 063 and Cause No. 196. On April 18, 2011, the trial court denied Jackson's motion to correct erroneous sentence, reasoning as follows:

> The [c]ourt notes it has the inherant [*sic*] power to order restitution, whether financial or community service, and the [c]ourt also notes that attorneys were furnished to [Jackson] at public expense and [Jackson] agreed that he could work while on probation and earn $500.00 for reimbursement to the [p]ublic [d]efender for the [public defender's] services.

(Appellant's App. p. 153).

Jackson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Community Service*

Jackson first challenges the community service condition of his probation in Cause No. 063 following his plea agreement with the State. The trial court has broad discretion to impose conditions of probation. *Freije v. State*, 709 N.E.2d 323, 325 (Ind. 1999). However, "[i]f the court accepts a plea agreement, it shall be bound by its terms." I.C. § 35-35-3-3(e). Thus, when the trial court establishes terms of probation following its acceptance of a plea agreement, its discretion is limited. *S.S. v. State*, 827 N.E.2d 1168, 1171 (Ind. Ct. App. 2005), *trans*. *denied*. "A plea agreement is contractual in nature,

6

binding the defendant, the State, and the trial court." *Bennett v. State*, 802 N.E.2d 919, 921 (Ind. 2004). Once the trial court accepts the plea agreement, it "is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement." *Id*.

Although the trial court may impose administrative or ministerial conditions as terms of probation, it may not impose probation conditions that constitute "substantial obligations of a punitive nature" if the plea agreement "is silent to such punitive conditions." *Id*. Community service "materially add[s] to the punitive obligation" and thus "may not be imposed in the absence of a plea agreement provision giving the trial court discretion to impose conditions of probation." *Freije*, 709 N.E.2d at 325.

Jackson argues that the imposition of community service is a material term not addressed in the plea agreement, and therefore the trial court erred by imposing it. The State, although acknowledging the supreme court's decision in *Freije*, nonetheless argues that Jackson invited the error by agreeing to perform the community service.

Here, Jackson's plea agreement did not specify community service as a condition of probation. Bearing in mind that plea agreements are to be strictly adhered to, we cannot agree that the trial court may properly vary its terms to add a punitive obligation simply by seeking the defendant's verbal assent. *See Briscoe v. State*, 783 N.E.2d 790, 792 (Ind. Ct. App. 2003). The trial court could not order Jackson to undertake

7

community service since the plea agreement did not specify that it had the discretion to do so. We therefore conclude that the trial court abused its discretion.[1]

## II. *Public Defender Fees*

Jackson next argues that the trial court's imposition of public defender fees was an abuse of discretion. Specifically, Jackson alleges that the trial court erred by imposing a public defender fee of $500 since it was not part of his plea agreement and he had previously been found indigent. We review the trial court's imposition of costs or fees for an abuse of discretion. *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009). If the trial court imposes fees within statutory limits, there is no abuse of discretion. *Id.*

We first observe that costs and fees are not a part of the defendant's sentence and are separate from fines. *See* I.C. §§ 33-37-1-3(b); 33-37-2-2; -5. Thus, although the plea agreement did not provide for costs and fees, we do not agree that the trial court was prohibited from imposing them, albeit within statutory restrictions. *See Brisco*, 783 N.E.2d at 791-92. Also, Jackson asserts his indigency as a bar to the $500 public defender fee because the trial court had already made a finding that he was indigent and had appointed trial counsel in Cause No. 063 as a result. It is true that this court has reached different conclusions on whether appointment of trial counsel based on indigence is conclusive as to the defendant's ability to pay fines or costs. *Compare Clenna v. State*,

---

[1] Jackson was also fined $7,000 by the trial court in Cause No. 063. The trial court, however, suspended payment of that fine and Jackson does not address its propriety on appeal. Because this issue is not properly before us, however, we do not address it.

782 N.E.2d 1029, 1034 (Ind. Ct. App. 2003) *with Brisco*, 783 N.E.2d at 792-93. However, later cases have concluded that appointment of counsel affords only a presumption of indigency at the time of sentencing. *See McRoy v. State*, 794 N.E.2d 539, 543 n.3 (Ind. Ct. App. 2003), *clarified on reh'g*, 798 N.E.2d 521 (Ind. Ct. App. 2003).

We do not know, however, whether the trial court attempted to adhere to statutory restrictions because it did not identify the statutory basis for imposing the public defender fees on Jackson. Three statutory provisions address the imposition of public defender fees and the trial court can order reimbursement under any or a combination thereof. *May v. State*, 810 N.E.2d 741, 745 (Ind. Ct. App. 2004). First, the trial court may impose public defender fees prior to completion of the initial hearing, but must make a prior determination whether the defendant is indigent. I.C. § 35-33-7-6(a). If the defendant is found indigent, public defender fees are limited to $100 in felony cases and $50 in misdemeanor cases. I.C. §35-33-7-6(c). Although referring to the initial hearing, this statute has been interpreted not to prohibit the imposition of fees later in the proceedings. *Davis v. State*, 843 N.E.2d 65, 68 (Ind. Ct. App. 2006).

Second, if the trial court finds that the defendant has the ability to pay "the costs of representation," the trial court shall impose reasonable attorney fees "at any stage" of a felony or misdemeanor prosecution. I.C. § 33-40-3-6. In such case, the trial court must consider certain enumerated factors to determine the defendant's ability to pay. *Id.*; I.C. § 33-40-3-7. Finally, the trial court may impose part of the attorney fees upon a convicted person, provided the trial court first determines that such person is not indigent.

9

I.C. § 33-37-2-3. In the latter case, the trial court may suspend payment of fees until completion of the executed portion of the defendant's sentence, holding a hearing to determine indigency thereafter. *Berry v. State*, 950 N.E.2d 798, 802 (Ind. Ct. App. 2011).

In *May v. State*, the defendant was ordered to reimburse the public defender fund $750 following his conviction for a felony. *May*, 810 N.E.2d at 746. The trial court had failed to specify the statutory basis and to conduct an indigency hearing before ordering the reimbursement. *Id*. We remanded to the trial court to reverse its reimbursement order, with instructions to follow the statutory requirements if it later elected to impose public defender fees. *Id*.

Here, the trial court did not specify the statutory authority under which it imposed the $500 fee. Further, although the trial court asked Jackson if he could work, we cannot say this constituted a sufficient inquiry into Jackson's ability to pay. *See Lamonte v. State*, 839 N.E.2d 172, 175-76 (Ind. Ct. App. 2005). We therefore find that the trial court abused its discretion by imposing the $500 public defender fee. We reverse and remand to the trial court with instructions to observe the statutory requirements if it intends to impose public defender fees.

### III. *Discharge from Probation*

Finally, Jackson disputes the trial court's order requiring him to serve his four-year suspended sentence in Cause No. 193. Jackson directs us to language in the plea agreement specifically requiring a two-year sentence for the probation violation, rather than the originally suspended sentence of four years. The State agrees with Jackson that

10

the trial court committed error because the plea agreement called for a two-year rather than a four-year sentence. The State requests us to remand to the trial court for re-sentencing and re-issuing of an amended abstract of judgment.

Upon finding that a probation violation occurred, the trial court may order a defendant to continue on probation, with or without modification of conditions, execute all or part of the defendant's suspended sentence, or extend the duration of probation for up to an additional year in excess of the original probationary period ordered. *See* I.C. § 35-38-2-3(g)(1-3). If the parties enter into a plea agreement that calls for the trial court to treat a probation violation in a particular manner, once accepted, the trial court is thereby bound. *See* I.C. § 35-35-3-3(e).

Here, the express terms of the plea agreement indicated that Jackson should receive a two year executed sentence, rather than the four-year suspended sentence originally imposed in Cause No. 196. After applying the time credit, the trial court was obligated to discharge Jackson from probation in Cause No. 196. Accordingly, the trial court committed error by imposing the suspended sentence of four years contrary to the accepted plea agreement. We therefore reverse and remand to the trial court to re-sentence Jackson in accordance with the plea agreement.

## CONCLUSION

Based on the foregoing, we conclude that (1) the trial court abused its discretion by ordering Jackson to serve community service contrary to his plea agreement; (2) the trial court abused its discretion by ordering Jackson to pay public defender fees; and (3)

11

the trial court abused its discretion by ordering Jackson to serve his suspended sentence as a result of his probation violation.  Accordingly, we reverse and remand.

Reversed and remanded with instructions.

NAJAM, J. and DARDEN, J. concur