OPINION
MAY, Judge.
Michael B. Eliseo appeals an order that he pay $300.00 for a supplemental public defender service fee and $166.00 in court costs. He asserts the trial court abused its discretion in imposing a public defender fee larger than $100.00 and erred in assessing the fee and costs without an explicit finding that he was able to pay. We affirm.
FACTS AND PROCEDURAL HISTORY
On June 8, 2012, the State charged Eliseo with Class D felony theft,[1] Class D felony receiving stolen property,[2] Class D felony aiding, inducing, or causing theft,[3] and Class D felony conspiracy to commit theft.[4] Eliseo pled guilty to Class D felony receiving stolen property. The trial court sentenced Eliseo to three years, with all of the sentence suspended to probátion except for nine months to be served in the Department of Correction. The trial court also ordered Eliseo pay a public defender fee of $300.00 and court costs of $166.00.
DISCUSSION AND DECISION
1. Assessing the Public Defender Fee and Court Costs
Eliseo asserts the trial court abused its discretion by imposing fees without first holding a hearing to determine Eliseo’s ability to pay. Ind.Code § 33-37-2-3 states:
(a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent ...
(b) A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed *780 all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent.
The trial court ordered Elíseo to pay the public defender fees and court costs “within 180 days of [Eliseo’s] release from incarceration.” (App. at 70) (emphasis added). Therefore, in accordance with Ind.Code § 33-37-2-3(b), the trial court was not required to hold a hearing determining Eliseo’s ability to pay the fees until Elíseo completes the executed portion of his sentence. See Rich v. State, 890 N.E.2d 44, 48 (Ind.Ct.App.2008) (hearing to determine ability to pay fees need not be held until executed portion of sentence is completed), trans. denied.

2. Amount of Public Defender Fee

Elíseo argues the trial court abused its discretion when it imposed a public defender fee of more than $100.00. He cites Ind.Code § 35-33-7-6, which sets a $100.00 cap for the public defender fee following a felony conviction. But the trial court “can order reimbursement [of fees] under any [of the statutes] or a combination thereof.” Jackson v. State, 968 N.E.2d 328, 333 (Ind.Ct.App.2012). Two other statutes, Ind.Code § 33-40-3-6[5] and Ind.Code § 33-37-2-3[6] give the trial court discretion in determining the public defender fee imposed. As stated above, because the trial court ordered payment after incarceration, it most likely relied on Ind.Code § 33-37-2-3 in determining the amount of the public defender fee, which does not have a cap on the amount. Thus, the trial court did not abuse its discretion by ordering Elíseo pay a public defender fee of $300.00. See, e.g., Kimbrough v. State, 911 N.E.2d 621, 638 (Ind.Ct.App.2009) (holding the requirement to pay a $500.00 public defender fee was not an abuse of discretion).
CONCLUSION
The trial court did not abuse its discretion when it did not conduct a hearing on Eliseo’s ability to pay fees because he was not required to pay until after he was released from incarceration. Also, the trial court did not abuse its discretion when it ordered him to pay a $300.00 public defender fee because the amount was within the statutory limit. Accordingly, we affirm.
Affirmed.
VAIDIK, C.J., concurs.
RILEY, J., concurs in result.

. Ind.Code § 35-43-4-2(a) (2012).

. Ind.Code § 35-43-4-2(b) (2012).

. Ind.Code § 35-41-2-4 (2012) (aiding, inducing or causing) and Ind.Code § 35-43-4-2(a) (2012) (theft).

.Ind.Code § 35-41-5-2 (2012) (conspiracy) and Ind.Code § 35-43-4-2(a) (2012) (conspiracy).

. Ind.Code § 33-40-3-6 states in relevant part: “If at any stage of a prosecution for a felony ... the court makes a finding of ability to pay the costs of representation ... the court shall require payment by the person [of] ... [Reasonable attorney’s fees if an attorney has been appointed for the person by the court.”

. Ind.Code § 33-37-2-3 states in relevant part: “[T]he court shall order the person to pay: ... (2) the entire amount of the costs at some later date[.]”