Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Dec 18 2014, 8:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS M. TEAGLE**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BROOK MCKEE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 05A02-1406-CR-428 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE BLACKFORD CIRCUIT COURT
The Honorable Dean A. Young, Judge
Cause No. 05C01-1311-FC-389

**December 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Brook McKee ("McKee") appeals following his guilty plea to Class D felony intimidation, arguing that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Concluding that McKee waived his right to appeal his sentence, we affirm.

**Facts and Procedural History**

On November 11, 2013, McKee threatened his ex-wife, Angela, with a hatchet. On November 20, 2013, the State charged McKee with Class C felony intimidation, Class A misdemeanor resisting law enforcement, Class B misdemeanor criminal mischief, Class B misdemeanor disorderly conduct, and two counts of Class A misdemeanor invasion of privacy. McKee initially pleaded not guilty. However, five months later, on April 28, 2014, McKee and the State entered into a plea agreement where McKee agreed to plead guilty to Class D felony intimidation. The agreement provided that the remaining counts would be dismissed. The agreement also provided:

> Parties to argue sentencing with the entire sentence left to the discretion of the court.
>
> * * *
>
> Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement.
>
> * * *
>
> It is further agreed that the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement and the Defendant hereby waives any future request to modify the sentence[.]

Appellant's App. p. 18.

2

At the June 3, 2014 change of plea hearing, McKee admitted that he committed Class D felony intimidation. McKee stated that he understood his rights as the court had advised him and that, by pleading guilty, he waived those rights. He also testified that he was satisfied with his counsel's representation and that he freely and voluntarily entered into the plea agreement.

The trial court accepted the plea agreement. The same day, the trial court sentenced McKee to three years executed in the Department of Correction. The trial court considered as aggravating McKee's history of alcohol-related crimes and the fact that the present offense occurred while McKee was under the influence of alcohol. The trial court also stated:

> I want to advise you of your right to appeal your sentence at this time. Since the [] amount of sentence and the manner of sentence was discretionary with the Court, you may appeal your sentence by filing a direct notice of appeal to the Court of Appeals within 30 days of today's date.
>
> * * *
>
> [T]he Plea Agreement indicated that you waived your right to appeal your sentence [] to the Court, but the Court will accept your request to appeal because of the fact that this is a maximum sentence, it is fully executed, and I don't believe that [] waiving a right to do that given the Court's discretion in this case would withstand scrutiny.

Tr. pp. 22-23.

McKee now appeals.

## Discussion and Decision

McKee argues that the three-year executed sentence imposed by the trial court is inappropriate in light of the nature of the offense and character of the offender.

3

Our supreme court has held that a defendant may waive the right to appellate review of his or her sentence as part of a written plea agreement. Creech v. State, 887 N.E.2d 73, 75 (Ind. 2008). Although a defendant may still bring a petition for postconviction relief if he or she "can establish . . . that his plea was coerced or unintelligent," his waiver of any appeal as to the length of his sentence pursuant to a valid plea agreement is enforceable. Id. Once a plea is accepted, the trial court is bound by all the terms in the plea agreement that are in its legal power to control. Jackson v. State, 968 N.E.2d 328, 334 (Ind. Ct. App. 2012).

In Creech v. State, the defendant agreed to plead guilty to one count of Class C felony child molesting. 887 N.E.2d at 74. Sentencing was left to the trial court's discretion, with the limitation that the executed portion of any sentence was to be capped at six years. The plea agreement contained the following waiver: "I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." Id. At the conclusion of the sentencing hearing and in its sentencing order, however, the trial court advised Creech that he had a right to appeal his sentence.

Creech appealed, arguing that his waiver of his right to appeal his sentence was not made knowingly, voluntarily, and intelligently, because the trial court's statements at the close of his sentencing hearing caused him to believe that he had retained this right. Our supreme court rejected his argument with the following analysis:

> While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.

4

Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.

\* \* \*

By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

Id. at 76-77 (footnote omitted).

Ricci v. State, 894 N.E.2d 1089, 1090 (Ind. Ct. App. 2008) also involved a written plea agreement wherein the defendant waived his right to appeal. In Ricci, however, the trial court had unambiguously stated at the plea hearing, rather than at the sentencing hearing, that Ricci had not surrendered the right to appeal his sentence, and the court's statement was not contradicted by counsel for either party. Id. In its opinion, another panel of this court distinguished the facts in Ricci from those in Creech, noting that in Creech, the trial court had unambiguously stated at the *sentencing hearing* that Creech had not surrendered the right to appeal his sentence. This court observed, "it is clear that under Creech, a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal his sentence." Id. at 1092. By contrast, in Ricci, all parties "entered into the plea agreement with the understanding that Ricci retained the right to appeal his sentence." Id. at 1094. This court therefore held Ricci's waiver "a nullity." Id.

5

In the case before us, <u>Creech</u> controls. The trial court stated, at the conclusion of McKee's sentencing hearing, that McKee could appeal his sentence. This statement was not made until after the court had already accepted the plea agreement and entered McKee's sentence. McKee's plea agreement clearly states that McKee waived his right to challenge his sentence pursuant to Indiana Appellate Rule 7(B). By the time the trial court advised McKee that he could appeal his sentence, McKee had already agreed to waive this right and had received the benefit of his bargain.[1]

Affirmed.

NAJAM, J., and BRADFORD, J., concur.

---

[1] Waiver notwithstanding, we conclude that given his history of alcohol-fueled crimes, McKee's sentence is not inappropriate in light of the nature of the offenses and the character of the offender.