RILEY, Judge,
dissenting.
I disagree with the majority that the trial court did not improperly delegate its authority to Community Corrections to determine whether, and for what duration, Madden should be subject to electronic monitoring — i. e., home detention — as a condition of his probation. Therefore, I respectfully dissent.
Indiana’s probation statute unambiguously states that “[w]henever it places a person on probation, the court shall ... specify in the record the conditions of the probation.” Ind.Code § 35-38-2-l(a)(l) (emphasis added). Specifically, “the court may require a person to do [any] combination” of twenty-three statutorily-enumerated conditions, one of which is to “[u]ndergo home detention.” I.C. § 35-38-2-2.3(a)(16) (emphasis added). In addition, the home detention statute specifies that “as a condition of probation a court may order an offender confined to the offender’s home for a period of home detention lasting at least sixty (60) days.” I.C. § 35-38-2.5-5 (emphasis added).
Once a court has ordered electronic monitoring as a condition of probation, it may assign supervisory duties to a community corrections department. I.C. § 35-38-2.5-5(c). See White v. State, 560 N.E.2d 45, 47 (Ind.1990) (noting that the trial court “sets the ‘conditions of probation’ and the probation officer supervises and assists the defendant in implementing and carrying out those conditions”). The majority assumes that Community Corrections’ supervisory role equates to having the authority to require home detention.[6] I disagree.
The probation and home detention statutes explicitly establish that the duty to demarcate the conditions of probation resides squarely with the trial court. See *799 McGuire v. State, 625 N.E.2d 1281, 1282 (Ind.Ct.App.1993) (finding the trial court improperly delegated authority to the probation department to fix the amount and manner of restitution because the probation statute specifically directs the trial court to make these determinations). Nowhere in these statutes is there language indicating that the trial court may delegate its authority to define a defendant’s terms of probation, and “it is just as important to recognize what a statute does not say as it is to recognize what it does say.” Million v. State, 646 N.E.2d 998, 1002 (Ind.Ct.App.1995). Contrary to the majority’s contention that “the Community Corrections program is required by statute to place such a probationer on electronic monitoring[,]” the home detention statute specifies that a “community corrections program charged by a court with supervision of offenders and alleged offenders ordered to undergo home detention shall, at the beginning of a period of home detention, set the monitoring device.... ” I.C. § 35—38—2.5—10(d) (emphasis added). Accordingly, before Community Corrections may “set the monitoring device,” there must be an order for home detention from the trial court. See I.C. §§§ 35-38-2.5-5; -6; -10(d).
Moreover, a probationer must receive “prospective notice of the standard of conduct required of him or her while on probation.” Million, 646 N.E.2d at 1000. Pursuant to the probation statute, “the trial court must provide the defendant a written statement containing the terms and conditions of probation at the sentencing hearing.” Gil v. State, 988 N.E.2d 1231, 1234 (Ind.Ct.App.2013); see I.C. § 35-38-2-2.3(b)(l). If no written statement is furnished, the record must at least reflect “that the probationer has been orally advised by the sentencing court of the conditions of his probation and [that] the defendant specifically acknowledges that he understands those conditions.” Seals v. State, 700 N.E.2d 1189, 1190 (Ind.Ct.App.1998).
The majority correctly notes that Madden has not been accused of any probation violations, but the purpose of requiring a record of the specific terms of probation is also to “prohibit the imposition of additional conditions after sentencing.” Million, 646 N.E.2d at 1000. At the time of sentencing, probations are “entitled to provisions which establish definite restrictions during the probation period.” Dulin v. State, 169 Ind.App. 211, 346 N.E.2d 746, 754 (1976), reh’g denied. “[T]he language must be such that it describes with clarity and particularity the misconduct that will result in penal consequences.” Hunter v. State, 883 N.E.2d 1161, 1163 (Ind.2008).
Here, the Terms of Probation failed to conclusively apprise Madden of his obligations because the condition of home detention was tentative, pending an assessment by Community Corrections. The Terms of Probation specified the rules that would govern Madden’s confinement in the event that Community Corrections elected to require electronic monitoring, and Madden agreed to comply with these rules when read aloud by the trial court. See I.C. §§ 35-38-2.5-6; -7(a). Thus, there is no dispute that Madden had notice of the restrictions to which he might be subjected. However, absent an order from the trial court definitively making home detention/electronic monitoring a condition of his probation, these parameters are inconsequential. Accordingly, I would find that the trial court abused its discretion by authorizing Community Corrections to officially decide whether to impose the condition of home detention.
Furthermore, notwithstanding whether the trial court improperly delegated a sentencing decision to Community *800 Corrections, I would nevertheless find that it was an abuse of discretion to require electronic monitoring as a condition of Madden’s probation because the trial court’s initial sentencing decision and basis for modification were controlled by the plea agreement. Upon acceptance of a plea agreement, which is contractual in nature, the trial court is bound by its terms “and is precluded from imposing any sentence other than required by the plea agreement.” Jackson v. State, 968 N.E.2d 328, 382 (Ind.Ct.App.2012) (quoting Bennett v. State, 802 N.E.2d 919, 921 (Ind.2004)). Similarly, a sentence may only be modified to the extent that it would not violate the plea agreement “had it been the sentence originally imposed.” Pannarale v. State, 638 N.E.2d 1247, 1249 (Ind.1994).
The plea agreement fixed Madden’s aggregate executed sentence at seven years. Other than a provision stipulating that the State and trial court could “consider modification of [Madden] to Jefferson County” upon his completion of the Therapeutic Community Program, the plea agreement is entirely silent regarding any terms of probation. (Appellant’s App. p. 61). Moreover, no language in the plea agreement even confers the trial court with discretion over the probationary terms.
It is well established that where the terms of probation are not contemplated by the plea agreement, “[t]rial courts are free to impose administrative or ministerial conditions as terms of probation.” S.S. v. State, 827 N.E.2d 1168, 1171 (Ind.Ct.App.2005), trans. denied. Such conditions may include reporting to a probation department, supporting dependents, and maintaining employment. Disney v. State, 441 N.E.2d 489, 494 (Ind.Ct.App.1982). In fact, an offender “should reasonably expect that the county’s standard conditions [of probation] may apply.” Freije v. State, 709 N.E.2d 323, 325 (Ind.1999). However, the court is precluded from levying “ ‘substantial obligations of a punitive nature’ if the plea agreement ‘is silent to such punitive conditions.’” Jackson, 968 N.E.2d at 332 (quoting Bennett, 802 N.E.2d at 921). Home detention is undisputedly a condition that “materially add[s] to the punitive obligation.” Freije, 709 N.E.2d at 325-26. Because the plea agreement did not specify that the trial court had the discretion to impose punitive conditions of probation, I would find that it lacked the authority to. order Madden to be placed on home detention. See Berry v. State, 10 N.E.3d 1243, 1249 (Ind.2014). Even Madden’s verbal assent to the Terms of Probation is insufficient to permit the trial court to vary the terms of the plea agreement by adding a punitive obligation. Jackson, 968 N.E.2d at 332.
Based on the foregoing, I would reverse and remand with instructions for the trial court to revise Madden’s Terms of Probation.

. The State contends that community corrections programs are statutorily authorized to establish their own rules, and "community corrections inherently includes 'electronic monitoring.' ” (State’s Br. p. 8). In support of this argument, the State relies on Indiana Code chapter 35-38-2.6, which governs direct placement in a community corrections program. Contrary to a sentence that has been suspended to probation, direct placement is a means of serving the executed portion of a sentence and must be succeeded by a term of probation. I.C. § 35-38-2.6-7; Brown v. State, 894 N.E.2d 598, 600-01 (Ind.Ct.App.2008). Home detention may be ordered for either probation or direct placement in community corrections; here, however, the trial court expressly made Madden’s compliance with Community Corrections' requirements a condition of his probation. Thus, this case is governed by Indiana Code chapter 35-38-2 and chapter 35-38-2.5.