## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 07 2017, 6:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew Wininger, | July 7, 2017 |
| *Appellant-Respondent,* | Court of Appeals Case No. 14A05-1701-CR-200 |
| v. | Appeal from the Daviess Superior Court |
| State of Indiana, | The Honorable Dean A. Sobecki, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 14D01-1510-F6-1343 |

**Bailey, Judge.**

# Case Summary

[1] Following a jury trial, Matthew Wininger ("Wininger") was convicted of Operating a Vehicle as a Habitual Traffic Violator, as a Level 6 felony.[1] His sole contention on appeal is that the trial court abused its discretion when it ordered him to pay a public defender fee of $100.

[2] We affirm in part and reverse in part.

# Facts and Procedural History

[3] Wininger was charged with one count of Operating a Vehicle as a Habitual Traffic Violator, and an initial hearing was held on December 14, 2015. At the hearing, Wininger stated that appointed counsel was representing him in another criminal matter. The trial court took judicial notice of the previous appointment of counsel, and appointed the same counsel to represent Wininger.

[4] A jury trial was held on November 15, 2016, and Wininger was found guilty as charged. Wininger received a sentence of two and one-half years, and was ordered to pay court costs. The trial court also imposed a $100 fine suspended on the condition that Wininger pay $100 to the Daviess County Supplemental Public Defender's Fee Fund. The trial court offered to appoint a public defender to represent Wininger on appeal, and later appointed counsel.

---

[1] Ind. Code § 9-30-10-16(a)(1).

[5] This appeal ensued.

# Discussion and Decision

[6] Wininger argues, and the State concedes, that the trial court erred when it imposed a public defender fee without evaluating Wininger's ability to pay.

[7] "Sentencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*. "If the trial court imposes fees within the statutory limits, there is no abuse of discretion." *Kimbrough*, 911 N.E.2d at 636.

[8] Here, the trial court did not identify a statutory basis for imposing a public defender fee. Nonetheless, three different statutes authorize the imposition of public defender fees, all of which require at least some inquiry into the defendant's financial circumstances. *See* I.C. § 35-33-7-6(c) (requiring a "find[ing] that the person is able to pay part of the cost of representation"); I.C. § 33-40-3-6(a) (requiring a "finding of ability to pay the costs of representation"); I.C. § 33-37-2-3(e) (requiring a hearing on indigency and a "determin[ation] that a convicted person is able to pay part of the costs of representation"); *see also Jackson v. State*, 968 N.E.2d 328, 333-34 (Ind. Ct. App.

2012) (discussing the three statutes). Moreover, even where a trial court does not impose a public defender fee but instead imposes only a fine, the trial court must at some point conduct a hearing to determine whether the convicted person is indigent. *See* I.C. § 35-38-1-18(a) (requiring a hearing "whenever the court imposes a fine"); I.C. § 35-38-1-18(b) (in the case of a suspended fine, requiring a hearing "at the time the fine is due").

[9] In the instant case, the trial court erred when it imposed the public defender fee without considering Wininger's ability to pay. We therefore reverse that portion of the sentencing order imposing this fee. We affirm the judgment of the trial court in all other respects.

# Conclusion

[10] The trial court erred when it imposed the public defender fee without an indigency hearing.

[11] Affirmed in part and reversed in part.

Vaidik, C.J., and Robb, J., concur.