## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2018, 6:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathaniel Hopkins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 27, 2018 <br><br> Court of Appeals Case No. <br> 49A04-1709-CR-2052 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton A. Graham, Judge <br><br> Trial Court Cause No. <br> 49G07-1703-CM-10075 |

**Crone, Judge.**

## Case Summary

Nathaniel Hopkins appeals the trial court's imposition of probation fees, costs and fines during sentencing following his guilty plea to class A misdemeanor operating a vehicle while intoxicated. He asserts that the trial court abused its discretion in imposing such fees without first holding an indigency hearing to determine his ability to pay. Finding no abuse of discretion, we affirm. However, we remand to the trial court with instructions to hold an indigency hearing at some point before the completion of Hopkins's sentence.

## Facts and Procedural History

On March 17, 2017, the State charged Hopkins with class A misdemeanor operating a vehicle while intoxicated, class A misdemeanor operating a vehicle with a blood alcohol concentration of .15 or more, and class A misdemeanor operating a vehicle while driving privileges are suspended. On August 16, 2018, Hopkins entered into a plea agreement with the State in which he agreed to plead guilty to class A misdemeanor operating a vehicle while intoxicated in exchange for dismissal of the other counts. The plea agreement provided for a sentence of 365 days with 355 days suspended to probation. Hopkins agreed to "STANDARD PROBATION with all terms and fees." Appellant's App. Vol. 2 at 57. Hopkins specifically agreed to pay a $200 countermeasure fee and a $400 alcohol/drug services fee. Hopkins also agreed to pay court costs of $185.50, and the plea agreement further provided that "[f]ines are left to the discretion of the Court." *Id*. (underlining omitted). Following a combined guilty plea and sentencing hearing, the trial court accepted the plea agreement

and sentenced Hopkins accordingly. In addition to the fees listed in the plea agreement, the trial court ordered Hopkins to pay a $100 fine, a $50 supplemental public defender fee, a probation user fee, and some administrative fees, resulting in a total amount of fees, costs, and fines of $1275.00. The court ordered that Hopkins's bond escrow of $380 be retained and applied to $285.50 of the court fines and costs, the supplemental public defender fee, and a portion of the countermeasure fee. The Marion County Probation Department subsequently filed a memorandum requesting that the bond escrow be transferred to the Department to apply toward those fees. The trial court approved the memorandum. This appeal ensued.

## Discussion and Decision

[3] Hopkins challenges the trial court's failure to hold an indigency hearing before imposing fees, costs, and fines as part of his probationary sentence. Sentencing decisions include decisions to impose fines, costs, and fees. *Polk v. State*, 88 N.E.3d 226, 229 (Ind. Ct. App. 2017). We review a trial court's sentencing decisions for an abuse of discretion. *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016). An abuse of discretion occurs when a sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*.

[4] Indiana Code Section 33-37-4-1 sets forth the costs the court shall collect from convicted defendants by operation of law. Moreover, where as here, a defendant is convicted of a misdemeanor, the trial court has the discretion to

impose certain probation fees. Ind. Code § 35-38-2-1. The Indiana legislature unequivocally requires the trial court to hold an indigency hearing as to the imposition of fines and costs. *See* Ind. Code § 33-37-2-3(a) (providing that "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent") and Ind. Code § 35-38-1-18 (providing that "whenever the court imposes a fine, it shall conduct a hearing to determine whether the convicted person is indigent"). Although a hearing regarding a defendant's ability to pay must be conducted after a judgment of conviction, the relevant statutes do not otherwise dictate when the hearing is to be held. *Meunier-Short v. State*, 52 N.E.3d 927, 931 (Ind. Ct. App. 2016). We have concluded that, unless the State files a petition to revoke a defendant's probation for nonpayment of fees, costs, or fines, the trial court is free to postpone the hearing until the completion of the defendant's sentence. *Id.* (citing *Johnson v. State*, 27 N.E.3d 793, 795 (Ind. Ct. App. 2015) ("A trial court acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent.") and *Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002) (holding "when fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs.")).

[5] During sentencing, Hopkins requested a waiver of his probation fees and asked the court to hold a hearing regarding his ability to pay. The trial court specifically considered the fact that Hopkins was gainfully employed, making thirteen dollars per hour, as a full-time forklift operator. The court stated that it

believed that Hopkins had the ability to pay the probation fees imposed by the court but that "Probation will do an assessment … and will put him on a payment plan" and then "if the need occurs, we will address [indigency] later." Tr. Vol. 2 at 25. Hopkins conceded that he simply wanted an "indigency hearing at some point in time." *Id.* at 26. Under the circumstances, it was reasonable for the trial court here to wait and see if Hopkins can pay the fees imposed before holding an indigency hearing.

[6] The State emphasizes that, pursuant to his plea agreement, Hopkins specifically agreed to pay enumerated fees and costs, standard probation fees, and any fines imposed at the discretion of the trial court. "A plea agreement is contractual in nature, binding the defendant, the State, and the trial court." *Vaughn v. State*, 982 N.E.2d 1071, 1073 (Ind. Ct. App. 2013) (quoting *Bennett v. State*, 802 N.E.2d 919, 921 (Ind. 2004)). Once the trial court accepts the plea agreement, it "is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement." *Id.*

[7] Be that as it may, a defendant's agreement to pay is not necessarily indicative of a defendant's ability to pay. We disagree with the State's assertion that the plea agreement constituted an implicit agreement by Hopkins that he is not indigent and has the ability to pay the fees, costs, and fines imposed, or that his plea agreement somehow relieved the trial court of its statutory duty to conduct an indigency hearing. Accordingly, we direct that, on or before the completion of

Hopkins's sentence, the trial court shall conduct an indigency hearing to assess his ability to pay.[1]

[8] Hopkins also challenges the trial court's decision to retain and then release his $380 bond escrow to the Marion County Probation Department, to be applied to his probation fees, without first holding an indigency hearing. As we stated above, the trial court was not required to hold an indigency hearing at the time of sentencing. The bond agreement signed by Hopkins specifically provided that the trial court had the authority to retain all or part of the bond to pay fines, costs, and fees that the court ordered if Hopkins was convicted. Appellant's App. Vol. 2 at 48 (citing Ind. Code § 35-33-8-3.2). Hopkins was indeed convicted, and the trial court ordered fines, costs, and fees. Moreover, as noted by the State, the bond agreement also provided that Hopkins could forfeit his bond if he violated the conditions of his pretrial release, which he admitted to doing. Tr. Vol. 2 at 5-9. Thus, we conclude that the trial court did not abuse its discretion in retaining and then releasing his $380 bond escrow so that it could be applied to his outstanding monetary obligations.

---

[1] It is clear that it is "the trial court, not the probation department, that has the discretion to impose probation fees." *Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017). We have vacated and remanded several probation fee cases in which the trial court's sentencing order and probation order had not imposed probation fees but instead the probation department had imposed probation fees after sentencing. *See, e.g.*, *De La Cruz v. State*, 80 N.E.3d 210, 214 (Ind. Ct. App. 2017) (vacating probation fees because trial court's "probation order, along with the absence of a clear statement imposing probation fees, shows the trial court's intent not to impose such fees"); *Burnett*, 74 N.E.3d at 1227 (vacating probation fees imposed by probation department after sentencing and remanding for further proceedings); *Coleman*, 61 N.E.3d at 393-94 (vacating probation fees imposed by probation department where sentencing order did not list any such fees and probation order contained "ordered amount" sections that were either blacked out or blank). Unlike those cases, the probation fees here were ordered by the trial court, not the probation department.

[9]     In sum, the trial court was not required to hold an indigency hearing prior to its imposition of fees, costs, and fines, nor was it required to hold such hearing prior to retaining and releasing the $380 bond escrow. However, we direct that, on or before the completion of Hopkins's sentence, the trial court shall conduct an indigency hearing to assess his ability to pay.

[10]    Affirmed and remanded.

Bailey, J., and Brown, J., concur.