v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–1102–JV–121.

Court of Appeals of Indiana.

Oct. 5, 2011.

Laura M. Taylor, Indianapolis, IN, Attorney for Appellant.

1. Ind.Code § 35–43–2–1.

Gregory F. Zoeller, Attorney General of Indiana, Katherine Modesitt Cooper, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF CASE

P.J. appeals the juvenile court's restitution order following his adjudication, after a guilty plea, as a delinquent child for committing an act that would constitute class B felony burglary if committed by an adult.

We affirm.

### ISSUE

Whether the trial court abused its discretion when, pursuant to an explicit term of the plea agreement, it ordered P.J. to pay restitution without conducting a hearing into his perceived ability to pay.

### FACTS

On December 20, 2010, P.J. and an accomplice broke into and entered the Indianapolis home of Jennifer Mayberry with the intent to take Mayberry's possessions. On December 21, 2010, the State filed a delinquency action against P.J., alleging that he committed what would be class B felony burglary[1] and class D felony theft[2] if committed by an adult.

P.J. originally denied the allegations of the delinquency petition, but on January 13, 2011, the parties advised the juvenile court that they had reached a plea agreement. Under the terms of the agreement, the State agreed to dismiss the theft charge in exchange for P.J.'s admission to the burglary charge. The agreement also

2. I.C. § 35–43–4–2.

provided that in exchange for the dismissal of the theft charge, P.J. agreed to testify against his accomplice and to pay $347.13 in restitution to Mayberry. The juvenile court accepted the plea.

At the dispositional hearing, the juvenile court ordered P.J. committed to Indiana Boys School for six months. The juvenile court further ordered P.J., among other things, to pay the agreed amount of $347.13 in restitution to Mayberry.

## DECISION

■ P.J. contends that the juvenile court abused its discretion in ordering him to pay restitution. Specifically, he argues that the juvenile court failed to inquire into his ability to pay before imposing the restitution obligation.

■ An order of restitution is a matter within the trial court's discretion, and this court will reverse only upon a showing of an abuse of that discretion. *J.H v. State*, 950 N.E.2d 731, 734 (Ind.Ct.App.2011). An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

In *M.L. v. State*, 838 N.E.2d 525, 529 (Ind.Ct.App.2006), *trans. denied*, we held that the trial court must make a determination of the juvenile's ability to pay even if the juvenile entered into a plea agreement "in which he agreed to make restitution in an amount to be determined by the Court." We further held that "leaving the amount of restitution to the discretion of the trial court is not tantamount to waiving one's right to have the trial court inquire into his or her ability to pay." *Id.* at 529–30. This is because "while the trial court had the discretion to set the amount of restitution, it was constrained by principles of equal protection and fundamental fair-

ness to set such an amount within M.L.'s ability to pay because restitution was made a condition of probation." *Id.* at 530. However, we noted that:

> We may have reached a different conclusion had M.L. agreed to pay a specific amount of restitution rather than leaving the amount of restitution to the discretion of the juvenile court. In such a case, it could fairly be said that the defendant has waived his right to have the court inquire into his ability to pay, and, in fact, has acknowledged his ability to pay the specified amount. These facts are not before us, and therefore we need not decide this issue.

*Id.* at 530 n. 9.

Here, we have the facts that *M.L.* addressed and the issue that it did not decide. P.J. entered into a plea agreement where he agreed to pay a specific amount of restitution instead of leaving the amount to the discretion of the juvenile court. We conclude that it can fairly be said that P.J. has waived his right to have the juvenile court inquire into his ability to pay, as he has acknowledged such ability in his plea agreement.

Waiver notwithstanding, we observe that the juvenile court accepted the plea, and it was therefore strictly bound by the plea's sentencing provisions and precluded from exercising discretion to determine the amount of restitution. *See Allen v. State*, 865 N.E.2d 686, 689 (Ind.Ct.App.2007) (holding that when a court accepts a fixed plea agreement, it is bound by the agreement's terms). We further observe that, unlike in *M.L.*, the restitution order is part of the sentence, rather than a condition of probation. In such a situation, the juvenile court is not required to inquire into the juvenile's ability to pay. *M.L.*, 838 N.E.2d at 529 (citing *Ladd v. State*, 710 N.E.2d 188, 192 (Ind.Ct.App.1999)). "In

such a situation, restitution is merely a money judgment, and a [juvenile] cannot be imprisoned for non-payment." *Id.*

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.