**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK F. JAMES**
Anderson, Agostino & Keller, P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 04 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| L.D.P., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1203-JV-161 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
The Honorable Harold E. Brueseke, Magistrate
Cause No. 71J01-1109-JD-483

**October 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

L.D.P. appeals the juvenile court's order that she pay restitution secondary to her adjudication as a delinquent child. We affirm.

## FACTS AND PROCEDURAL HISTORY

In September of 2011, the State filed two petitions alleging L.D.P. was a delinquent child. The first alleged she operated a motor vehicle without having received a license, an act that, when committed by an adult, is a Class C misdemeanor.[1] While operating that vehicle, L.D.P. crashed into a van driven by B.L., causing the van to roll over. B.L. sustained injuries for which he accumulated $1,303.00 in unpaid medical bills. The second petition alleged she committed acts that would be, if committed by an adult, the crimes of Class D felony theft[2] and Class B misdemeanor false informing.[3]

L.D.P. agreed to resolve the delinquency petitions pursuant to an admission agreement that provided she would admit committing theft in exchange for the State dismissing the false informing allegation and the petition alleging she drove without a license. In addition, the agreement states: "The Juvenile agrees to pay all properly documented restitution in [the operating without a license case]." (App. at 4.)

The court's dispositional order indicated: "The child is responsible for restitution to [B.L.] in referral number six (6), when a proper amount is agreed upon between the Prosecutor and Public Defender and properly documented information is available." (*Id.* at 7.) That dispositional order also set "a Status Hearing to determine restitution agreed upon as

---

[1] Ind. Code § 9-24-18-1.
[2] Ind. Code § 35-43-4-2.
[3] Ind. Code § 35-44-2-2.

2

part of an admission agreement . . . ." (*Id.*)

Following that hearing, the court found and ordered:

Hearing had on the issue of restitution, the Court conducting a hearing in absentia based upon existing Indiana case law and upon the court's conclusion that the Juvenile should not be allowed to "game" the system.

The Court FINDS that the victim is entitled to restitution as he has claimed and the full amount of $1,303.00 for medical services provided to him following the accident caused by the Juvenile's actions and the resulting delinquency case that ultimately was resolved by way of the admission agreement and plea arrangement entered into in this case.

Judgment therefore is entered against the Juvenile in that amount, $1,303.00.

With regard to the issue of the Juvenile['s] ability to pay, the Court FINDS that the Juvenile has made some efforts to seek employment, but that those efforts have been unsuccessful much [as] has been the case with her Mother who [has] also sought employment.

The Court also FINDS that the Juvenile has apparently absconded from the supervision of her parent without the parent[']s permission and has in a sense attempted to act as if she were emancipated and able to live on her own.

In balance, the Court FINDS that it is appropriate to enter a specific order of payment towards the restitution and the Court therefore ORDERS that the juvenile commence payment of the amount of $10.00 per week, the first payment to be on the date of Friday, March 30, 2012 and to continue thereafter until paid in full.

(*Id*. at 9.)

## DISCUSSION AND DECISION

After finding a child is a delinquent child, the court may "[o]rder the child to pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing." Ind. Code § 31-37-19-5(b)(4). Whether to order

restitution is a matter left to the discretion of the juvenile court, and thus we reverse only for an abuse of that discretion. *J.H. v. State*, 590 N.E.2d 731, 734 (Ind. Ct. App. 2011). "An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

L.D.P. alleges the court erred in ordering restitution because "she does not have the means or ability to do so." (Br. of Appellant at 2.) Under the circumstances herein, we cannot agree that the court erred in ordering L.D.P. to pay restitution.

It is true that "[e]qual protection and fundamental fairness concerns require that a juvenile court inquire into a juvenile's ability to pay before the court can order restitution as a condition of probation." *J.H.*, 950 N.E.2d at 735. This rule applies even when a juvenile enters a plea agreement that provides the juvenile "agreed to make restitution in an amount to be determined by the Court," *M.L. v. State*, 838 N.E.2d 525, 529 (Ind. Ct. App. 2006), *trans. denied*, because the court's "discretion to set the amount of restitution [is] constrained by principles of equal protection and fundamental fairness to set the amount within [juvenile's] ability to pay . . . ." *Id.* at 530.

However, a juvenile can waive the right to an inquiry regarding ability to pay by entering a plea agreement in which the juvenile "agreed to pay a specific amount of restitution instead of leaving the amount to the discretion of the juvenile court." *P.J. v. State*, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011). Thus, we held a juvenile's agreement to pay $347.13 in restitution constituted an acknowledgment of ability to pay that amount. *Id.* In

4

addition, we noted, the court's acceptance of the plea agreement calling for a specific amount of restitution precludes the court from exercising any discretion regarding the amount. *Id.* (noting courts are bound by the terms of accepted plea agreement).

L.D.P.'s agreement stated she "agrees to pay all properly documented restitution." (App. of Appellant at 4.) That language is neither as specific as the dollar amount provided in *P.J.*, nor as general as the agreement in *M.L.* It does, however, constrain the trial court's authority to exercise its discretion, as the court's acceptance of the agreement prohibits the court from ordering L.D.P. to pay less than the amount "properly documented." (*Id.*) Thus, as in *P.J.*, L.D.P.'s agreement constituted her admission that she would, and could, pay any documented amounts,[4] and she thereby waived her right to have the court determine whether she had the ability to pay that amount. *See P.J.*, 955 N.E.2d at 235.

Because L.D.P. waived her right to have the court determine the amount of restitution in light of her ability to pay, we cannot find error in the court's failure to reduce the amount of restitution on that basis. As that was L.D.P.'s only allegation of error, we affirm.

Affirmed.

NAJAM, J., concurs.

KIRSCH, J., dissents without separate opinion.

---

[4] L.D.P. does not challenge the amount ordered by the court herein was properly documented: "L.D.P. does not dispute the amount of restitution which is being requested. There was undisputed evidence presented at the restitution hearing regarding the victim's damages." (Br. of Appellant at 2.)