## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 27 2015, 10:33 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Steven J. Halbert
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

D.M.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 27, 2015

Court of Appeals Case No.
49A05-1408-JV-386

Appeal from the Marion Superior Court

The Honorable Gary Chavers, Judge Pro Tem, and the Honorable Geoffrey Gaither, Magistrate

Trial Court Case No.
49D09-1406-JD-1461

**Mathias, Judge.**

[1] D.M. was adjudicated a delinquent child in Marion Superior Court and ordered to pay restitution to the victim as a condition of probation. D.M. appeals the

restitution order and argues that he is indigent; therefore, the trial court abused its discretion when it ordered D.M. to pay restitution.

[2] We affirm.

## Facts and Procedural History

[3] On June 4, 2014, a Marion County Sheriff's Deputy observed an illegally parked moped at Arlington High School. After the deputy learned that the moped had been reported stolen, the deputy asked a school employee if she knew who had driven the moped to the school. The employee stated that D.M., a seventh grade student, had parked the moped illegally on the sidewalk.

[4] At 3:04 p.m., when the students were released, the deputy saw D.M. mount the moped. When D.M. saw the officer, he sped away. The deputy ordered D.M. to stop, but he refused, and a chase ensued. D.M. eventually threw the moped to the ground and ran into a heavily wooded area. D.M. damaged the moped's ignition switch, front tire, and light and battery covers.

[5] On June 11, 2014, the State filed a petition alleging that D.M. was a delinquent child for resisting law enforcement and engaging in criminal mischief, which are criminal offenses if committed by an adult. D.M. subsequently entered into a delinquent child admission agreement. The juvenile court adjudicated D.M. a delinquent child on July 7, 2014, and he was placed on probation.

[6] In the admission agreement, D.M. agreed to pay restitution to the victim for damages to the moped in an amount "[t]o be determined at a restitution

hearing." Appellant's App. p. 37. At the July 28, 2014 restitution hearing, the owner of the moped testified to damages in the amount of $481.00. D.M. argued that he did not have the ability to pay restitution. As a condition of his probation, D.M. was ordered to pay restitution in the amount of $481.00. D.M. appeals the restitution order.

## Discussion and Decision

[7] Although D.M. agreed to pay restitution in an unspecified amount, he argues that the trial court abused its discretion when it ordered him to pay $481.00 because he has no ability to pay restitution. "'The purpose behind an order of restitution is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victim caused by the offense.'" *Rich v. State*, 890 N.E.2d 44, 50 (Ind. Ct. App. 2008) (quoting *Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind. Ct. App. 1999)), *trans. denied*.

[8] Pursuant to Indiana Code section 31-37-19-5(b)(4), a juvenile court may order a child to "pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing." The restitution order is within the court's discretion, and this Court will reverse only upon a showing of an abuse of discretion. *P.J. v. State*, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*.

[9] "[E]qual protection and fundamental fairness concerns require that a juvenile court must inquire into a juvenile's ability to pay before the court can order restitution as a condition of probation."[1] *M.L. v. State*, 838 N.E.2d 525, 529 (Ind. Ct. App. 2005), *trans. denied*. "[A]s a general rule, 'when restitution is ordered as a condition of probation, the trial court must inquire into the defendant's ability to pay in order to prevent indigent [juveniles] from being imprisoned because of their inability to pay.'" *J.H. v. State*, 950 N.E.2d 731, 735 (Ind. Ct. App. 2011) (quoting *M.L.*, 838 N.E.2d at 528).

[10] Moreover, a juvenile does not waive his right to have the juvenile court inquire into his ability to pay even though he agrees to pay restitution in an amount to be determined by the court. *Id.* at 529-30 (stating that "leaving the amount of restitution to the discretion of the trial court is not tantamount to waiving one's right to have the trial court inquire into his ability to pay"); *Cf. P.J. v. State* 955 N.E.2d 234, 235-36 (Ind. Ct. App. 2011) (concluding that the juvenile waived his right to have the juvenile court inquire into his ability to pay where he entered into an admission agreement and agreed to pay a specific amount of restitution).

[11] D.M. is fourteen years old. He does not have a bank account, a job, or any assets. Tr. p. 11.

---

[1] In *M.L. v. State*, our court also observed that when "restitution is not a condition of probation, but rather a part of an executed sentence, an inquiry into the defendant's ability to pay is not required. In such a situation, restitution is merely a money judgment, and a defendant cannot be imprisoned for non-payment. 838 N.E.2d 525, 529 (Ind. Ct. App. 2005) (internal citations and quotations omitted).

[12] The State argues that D.M. might be able to obtain employment in the future. Moreover, the State asserts that D.M.'s failure to pay restitution will not result in detention and/or revocation of his probation if D.M. "makes every effort to obtain employment[.]" Appellee's Br. at 5-6 (citing Ind. Code § 35-38-2-3(g)).

[13] The statute authorizing restitution in juvenile proceedings does not refer to a juvenile's ability to pay restitution. *See* I.C. § 31-37-19-5(b)(4). However, in adult criminal proceedings, the trial court may order the defendant to pay restitution after considering what the person can or "will be able to pay." *See* Indiana Code § 35-38-2-2.3(a)(6). In the absence of clear statutory direction, we believe we should draw guidance from adult restitution proceedings on this issue. We therefore conclude that juvenile courts may consider the delinquent child's current and future ability to pay restitution. *See M.L. v. State*, 838 N.E.2d 525, 528-529 (Ind. Ct. App. 2005), (holding that the adult statute is instructive when the juvenile statute is silent), *trans. denied*.

[14] The State has essentially conceded that fourteen-year-old D.M. is not currently able to pay restitution. However, on the record before us, we may reasonably conclude that D.M. has the ability to obtain future employment. Requiring D.M. to be responsible for the consequences of his delinquent conduct is consistent with the purpose of restitution. We therefore conclude that the

juvenile court did not abuse its discretion when it ordered D.M. to pay restitution.[2]

Affirmed.

Najam, J., and Bradford, J., concur.

---

[2] Importantly, D.M. may not be detained or have his probation revoked if he remains unable to pay restitution despite his best efforts. *See e.g. M.L.*, 838 N.E.2d at 528.