## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 22 2015, 5:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| T.H., <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner* | May 22, 2015 <br><br> Court of Appeals Case No. 49A02-1409-JV-633 <br><br> Appeal from the Marion Superior Court. <br><br> The Honorable Marilyn Moores, Judge. <br> The Honorable Geoffrey Gaither, Magistrate. <br> Cause No. 49D09-1405-JD-1319 |

**Baker, Judge.**

[1] T.H. appeals the juvenile court's order requiring him to make restitution payments as a condition of probation, arguing that the evidence before the juvenile court establishes that he is indigent and unable to pay. The State cross-appeals, arguing that T.H.'s notice of appeal was untimely filed. We find as follows: (1) the notice of appeal was timely filed; and (2) the evidence before the juvenile court establishes that T.H. is indigent and unable to pay the restitution as ordered. Consequently, we reverse the portion of the juvenile court's order requiring T.H. to make restitution payments as a condition of probation and remand with instructions to modify the dispositional order consistent with this opinion.

## Facts

[2] On May 24, 2014, fifteen-year-old T.H. drove his cousin's car. While driving, he struck and damaged Patricia Anderson's vehicle and Leon Ward's garage. The amount of damage to Anderson's vehicle totaled $3,400 to $7,000, and the amount of damage to Ward's garage totaled $7,000.

[3] On May 27, 2014, the State filed a petition alleging that T.H. committed the following delinquent acts: criminal recklessness, which would have been a class D felony had it been committed by an adult; four counts of criminal mischief, which would have been class A misdemeanors had they been committed by an adult; and driving without a license, which would have been a class C misdemeanor had it been committed by an adult.

[4] On July 22, 2014, T.H. and the State entered into an agreement whereby T.H. admitted to two allegations of criminal mischief in exchange for the dismissal of the remaining allegations. T.H. agreed to the imposition of probation, and the agreement made no mention of restitution. The juvenile court accepted the agreement and entered judgment accordingly.

[5] On August 12, 2014, the juvenile court held a dispositional hearing. At the hearing, Anderson and Ward testified regarding their damages. T.H. testified that he was fifteen years old, did not have a work permit, did not have a job, did not have a bank account, did not have any money in savings, owned no property, and did not have anything else in his name. He stated that he would be turning sixteen soon and would "try to" get a job. Tr. p. 18. T.H.'s mother testified that T.H. receives $700 a month in SSI disability benefits for a number of disabilities: "Learning disability. Speech Impairment. Communication disorder. It's a list of them . . . ." *Id.* at 22. T.H.'s mother supports herself and seven children by working at Popeye's, a fast food restaurant, and testified that she uses the monthly disability benefit to pay bills for the entire family.

[6] The juvenile court found T.H. to be a delinquent child and placed him on supervised probation with the standard conditions of probation in place. As a special condition of probation, the juvenile court ordered T.H. to pay restitution to Anderson in the amount of $500 and to Ward in the amount of $1,000. T.H. now appeals.

# I. Timeliness of Appeal

The State cross-appeals, arguing that T.H. did not file his notice of appeal in a timely fashion. Indiana Appellate Rule 9(A)(1) requires that a notice of appeal must be filed within thirty days after the entry of a final judgment. In this case, the magistrate's order was issued on August 12, 2014, and T.H. filed his notice of appeal on September 12, 2014, thirty-one days after the entry of the magistrate's order.

As T.H. notes, however, juvenile proceedings are civil in nature rather than criminal. *E.g.*, *K.M. v. State*, 804 N.E.2d 305, 308 (Ind. Ct. App. 2004). As such, Indiana Code section 33-23-5-9(a)[1] provides that the magistrate shall report its findings to the court and that it is the court, rather than the magistrate, that enters the final order.[2]

Here, the presiding magistrate entered the dispositional order on August 12, 2014, but the presiding judge did not approve and enter the final, appealable order until August 14, 2014. For the purpose of Indiana Appellate Rule 9, the date on which the clock begins ticking is the date of the final, appealable order—August 14, 2014. As a result, the notice of appeal, which was filed on

---

[1] Indiana Code section 35-23-5-9 was amended during the most recent legislative session, but the amendment does not affect the provisions relevant to this case and applies only after July 1, 2015.

[2] In contrast, a magistrate who presides at a criminal trial may, in fact, enter a final order. I.C. § 35-23-5-9(a).

September 12, 2014, was filed within the requisite thirty-day period. In other words, the appeal was timely filed. We now turn to T.H.'s arguments.

## II. Restitution

[10]     T.H. argues that the juvenile court erred by ordering him to make restitution payments as a condition of probation. An order of restitution is a matter within the discretion of the trial court. *P.J. v. State*, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011). We will reverse only upon finding an abuse of that discretion, which occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[11]     It is well established that when a juvenile court orders restitution as part of a juvenile's probation, it must inquire into the juvenile's ability to pay the restitution. *A.H. v. State*, 10 N.E.3d 37, 40-41 (Ind. Ct. App. 2014), *trans. denied*. This inquiry must occur because of concerns about equal protection and fundamental fairness. *Id.*; *M.L. v. State*, 838 N.E.2d 525, 529 (Ind. Ct. App. 2005). The juvenile is entitled not only to an inquiry into his ability to pay, but also to a modification of an existing restitution order if the court determines he is unable to meet its terms. *T.C. v. State*, 839 N.E.2d 1222, 1224-25 (Ind. Ct. App. 2005).

[12]     In this case, the evidence is undisputed. At the time of the dispositional hearing, T.H. was fifteen years old, did not have a work permit, did not have a job, did not have a bank account, did not have any money in savings, owned no property, and did not have anything else in his name. He has numerous

disabilities, and his monthly SSI disability benefit is used by his mother to support T.H. and his six siblings. Although T.H. testified that he would "try to" get a job when he reached the age of sixteen, tr. p. 18, it is undisputed that at the time of the dispositional hearing, he was unemployed. There is no evidence in the record whatsoever that remotely tends to establish that T.H. is able to pay restitution in any amount, much less an aggregate amount of $1,500. On this record, we find that the juvenile court abused its discretion by ordering T.H. to pay restitution as a condition of probation.

[13] The judgment of the juvenile court is reversed and remanded with instructions to modify T.H.'s dispositional order consistent with this opinion.

Najam, J., and Friedlander, J., concur.