## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2015, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.H.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

October 14, 2015

Court of Appeals Case No.
49A02-1503-JV-168

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge
The Honorable Jennifer Hubartt, Magistrate

Trial Court Cause No.
49D09-1412-JD-2909

**Baker, Judge.**

[1] On December 5, 2014, the State filed a petition alleging that M.H. had committed an act that would have been Level 6 felony battery had it been committed by an adult. On February 5, 2015, M.H. admitted to the allegations and was adjudicated delinquent.

[2] The juvenile court held a dispositional hearing on February 26, 2015. At that hearing, the following undisputed evidence was admitted:

- The victim of the offense sustained injuries causing her to incur medical expenses totaling $1,340.58.
- M.H. was unemployed and had no bank accounts and no savings.
- M.H. had applied for a job at Papa John's but did not get the job.
- M.H. lived with his grandmother, who receives Social Security income and adoption assistance but no other income. No one in M.H.'s household receives income aside from government assistance.
- M.H. occasionally gets pocket money of around $20.
- M.H. smokes two blunts of marijuana every two or three days. He does not know where he finds the money to purchase the marijuana.

The juvenile court entered a dispositional order placing M.H. on probation. Among other things, a "special condition" of M.H.'s probation is that he pay restitution in the amount of $1,340.58. Appellant's App. p. 10.

[3] It is well established that when a juvenile court orders restitution as part of a juvenile's probation, it must inquire into the juvenile's ability to pay the restitution. *T.H. v. State*, 33 N.E.3d 374, 376 (Ind. Ct. App. 2015). This inquiry must occur because of concerns about equal protection and fundamental fairness. *Id.* The juvenile is entitled not only to an inquiry into his ability to

pay, but also to a modification of an existing restitution order if the court determines he is unable to meet its terms. *Id.*

[4] The State argues that we should find the juvenile court's restitution order to be a standalone restitution order as opposed to a condition of M.H.'s probation. We decline this invitation. The disposition order clearly lists the restitution payment under the "special conditions" of M.H.'s probation. Appellant's App. p. 10. Therefore, it is apparent that restitution was a condition of probation.

[5] The evidence is undisputed that M.H. is unemployed and has no bank account and no savings. No one in his household receives income other than government assistance. While he somehow finds the money to smoke marijuana regularly, there was no evidence regarding the cost of a marijuana blunt, and no evidence that he was being dishonest with the court regarding the sole source of his spending money—occasional pocket money totaling approximately $20. Under these circumstances, there is no evidence in the record supporting a conclusion that he is remotely able to pay restitution in any amount, much less an aggregate amount exceeding $1,000. We can only conclude that the juvenile court abused its discretion in ordering restitution as a condition of probation.

[6] The judgment of the juvenile court is reversed and remanded with instructions to modify M.H.'s dispositional order consistent with this opinion.

Bailey, J., and Mathias, J., concur.