## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 19 2015, 5:44 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

G.T.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

October 19, 2015

Court of Appeals Case No.
49A02-1504-JV-239

Appeal from the Marion Superior
Court

The Honorable Marilyn Moores,
Judge

The Honorable Gary Chavers,
Magistrate

Trial Court Cause No.
49D09-1412-JD-3069

**Vaidik, Chief Judge.**

# Case Summary

[1] G.T. was ordered to pay $250 in restitution as a condition of his probation for stealing a van. G.T. was unable to pay the restitution at the time of the restitution hearing, but there was evidence that he was able to work, was looking for a job, and had no living expenses. We conclude, therefore, that it was not an abuse of discretion for the trial court to determine that he would be able to pay a nominal amount in the future and to order restitution as a condition of probation so long as G.T. would not be detained or have his probation revoked if he remained unable to pay restitution despite his best efforts.

# Facts and Procedural History

[2] On the morning of December 27, 2014, sixteen-year-old G.T. stole a van that belonged to Donald and Breanna Coffey. Mr. Coffey immediately reported the theft to the Indianapolis Metropolitan Police Department. Later the same day, Mr. Coffey saw his van parked in an alley, and he called the police again. Officer Shane Decker came to help Mr. Coffey recover his van and he spoke with the owner of the home adjacent to the alley where the stolen van was parked. While Officer Decker was talking with the homeowner, there was a loud crash in the kitchen caused by drywall and insulation falling from the ceiling. Officer Decker checked the attic above the kitchen, found G.T. hiding there, and took him into custody.

[3] The State filed a petition alleging that G.T. committed auto theft, which would have been a Level 6 felony if it was committed by an adult. At the denial hearing the court entered a true finding. At the dispositional hearing, the court sentenced G.T. to probation, among other things, and left open the question of restitution.

[4] The following month at the restitution hearing, Ms. Coffey testified to damages, which included Christmas presents that were taken from the van and physical damage to the van that cost the Coffeys $250 to repair. The trial court limited the restitution order to the Coffeys' costs for van repairs because the Christmas presents were not included in either the petition or the probable-cause affidavit.

[5] G.T. presented substantial evidence regarding his ability to pay. G.T. is a sixteen-year-old ward of the State who lives with his grandmother and three younger siblings. He has never held a job, has neither a bank account nor any assets, and his sixteen-year-old girlfriend was in labor with his child at the time of the hearing. He had, however, been applying for work and was hopeful that he might be hired at a nearby grocery store. Finally, G.T. was attending night school, which would allow him to work more hours than a traditional high-school student when he found a job.

[6] The court ultimately ordered G.T. to pay restitution of $250—the Coffeys' insurance deductible—as a condition of his probation. G.T. appeals the restitution order.

# Discussion and Decision

[7] G.T. argues that the trial court abused its discretion when it ordered him to pay $250 in restitution as a condition of his probation because he had no present ability to pay at the time of the hearing. Indiana Code section 31-37-19-5(b)(4) permits a juvenile court to order a child to "pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing." A restitution order is within the trial court's discretion, and this Court will only reverse upon a showing of an abuse of discretion. *P.J. v. State*, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[8] Equal-protection and fundamental-fairness concerns require a juvenile court to consider the juvenile's ability to pay before ordering restitution as a condition of probation. The juvenile court's inquiry is intended to prevent indigent juveniles from being imprisoned because of their inability to pay. *J.H. v. State*, 950 N.E.2d 731, 735 (Ind. Ct. App. 2011).

[9] However, the statute authorizing restitution in juvenile proceedings does not address the juvenile's ability to pay. *See* Ind. Code § 31-37-19-5(b)(4). Under similar circumstances, this Court has taken guidance from the adult restitution statute where the juvenile statute was silent. *See M.L. v. State*, 838 N.E.2d 525, 529 (Ind. Ct. App. 2005), *trans. denied*. The adult statute requires the court to

consider what the person can pay or "will be able to pay" before ordering restitution as a condition of probation.  Ind. Code § 35-38-2-2.3(a)(6).

[10]  It is clear from the record that the court inquired into G.T.'s ability to pay and also that G.T. lacked the present ability to pay restitution at the time of the hearing.  He was sixteen years old, his girlfriend was in labor with his first child on the day of the hearing, and he had no job, no bank account, and no assets.  However, the record also indicates that G.T. was able to work and was looking for jobs at the time of the hearing.  Additionally, G.T. was living with his grandmother and had no living expenses.  It was, therefore, reasonable for the trial court to determine that he would have the ability to repay the victims' $250 insurance deductible in the near future.

[11]  Requiring G.T. to be responsible for the financial consequences of his delinquent conduct is consistent with the purpose of restitution and is not an abuse of discretion so long as he will not be detained or have his probation revoked if he remains unable to pay restitution despite his best efforts.  We conclude, therefore, that the juvenile court did not abuse its discretion when it ordered G.T. to pay restitution as a condition of his probation.

[12]  Affirmed.

Robb, J., and Pyle, J., concur.