# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 01 2018, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle Laux
St. Joseph County
Public Defender's Office
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

N.G.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

November 1, 2018

Court of Appeals Case No.
18A-JV-1471

Appeal from the St. Joseph Probate Court

The Honorable James N. Fox, Judge

Trial Court Cause No.
71J01-1712-JD-466

**Baker, Judge.**

[1]     N.G. appeals the restitution order imposed by the trial court, arguing that the evidence did not support the amount of the order and that the evidence does not support a conclusion that he is able to pay it. Finding no error, we affirm.

[2]     On January 24, 2018, N.G. admitted to committing acts that would have been Class A misdemeanor criminal mischief and Class A misdemeanor resisting law enforcement had they been committed by an adult. N.G.'s dispositional and restitution hearing took place on May 18, 2018. At that hearing, the evidence showed that N.G. was fifteen years old, did not have a work permit, and was unemployed. The State presented evidence that the aggregate amount of damage to the victim, caused by N.G. and other perpetrators, totaled over $17,000. The trial court capped the restitution order in the amount of $1,000 and ordered N.G. to get a work permit. The trial court also held that if N.G. is "unsuccessful in paying the restitution in full by the deadline but is making an attempt to pay, the Court reserves the right to extend the deadline." Appellant's App. Vol. II p. 15. N.G. now appeals.

[3]     An order of restitution is a matter within the discretion of the trial court. *P.J. v. State,* 955 N.E.2d 234, 235 (Ind. Ct. App. 2011). We will reverse only when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[4]     N.G. first argues that the trial court erred in calculating the amount of the restitution order to be $1,000. The victim provided evidence that his total damages exceeded $17,000, to be divided among multiple perpetrators. N.G.

highlights certain issues regarding the specificity and accuracy of the victim's testimony and documentation, but we find that the trial court's final restitution order of $1,000 was well within the evidence before it and decline to reverse on this basis.

[5] It is well established that when a juvenile court orders restitution as part of a juvenile's probation, it must inquire into the juvenile's ability to pay the restitution. *T.H. v. State*, 33 N.E.3d 374, 376 (Ind. Ct. App. 2015). This inquiry must occur because of concerns about equal protection and fundamental fairness. *Id.* The juvenile is entitled not only to an inquiry into his ability to pay, but also to a modification of an existing restitution order if the court determines he is unable to meet its terms. *Id.*

[6] N.G. directs our attention to *T.H.*, but we find that case distinguishable. In that case, T.H. was found to be delinquent and ordered to pay restitution in the aggregate amount of $1,500. We reversed, finding as follows:

> In this case, the evidence is undisputed. At the time of the dispositional hearing, T.H. was fifteen years old, did not have a work permit, did not have a job, did not have a bank account, did not have any money in savings, owned no property, and did not have anything else in his name. He has numerous disabilities, and his monthly SSI disability benefit is used by his mother to support T.H. and his six siblings. Although T.H. testified that he would "try to" get a job when he reached the age of sixteen, tr. p. 18, it is undisputed that at the time of the dispositional hearing, he was unemployed. There is no evidence in the record whatsoever that remotely tends to establish that T.H. is able to pay restitution in any amount, much less an aggregate amount of $1,500.

*Id.*

[7] In the instant appeal, as in *T.H.*, N.G. was fifteen years old, did not have a work permit, did not have a job, and did not have a bank account or any other assets. Of significance, however, is the fact that while T.H. was disabled and likely to have great difficulty finding employment, N.G. is not disabled. He and his mother both stated that there is no reason to believe that he would be unable to find employment. Tr. Vol. II p. 27. The trial court noted that N.G. appeared to be "able bodied." *Id.* Moreover, the trial court indicated that it would be flexible with the payment deadline if N.G. had trouble making timely payments. Under these circumstances, we find no error with respect to the trial court's restitution order.

[8] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.