

IN THE

# Court of Appeals of Indiana

Matthew Eversole,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

May 09 2025, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

May 9, 2025

Court of Appeals Case No.
24A-CR-1910

Appeal from the Clay Circuit Court

The Honorable Joseph D. Trout, Judge

Trial Court Cause No.
11C01-2308-F4-643

---

**Opinion by Judge Weissmann**
Judges May and Scheele concur.

**Weissmann, Judge.**

[1] Pursuant to a plea agreement, Matthew Eversole pleaded guilty to Level 4 felony dealing in methamphetamine. The trial court sentenced Eversole to a term in prison and ordered him to pay nearly $1,400 in fines, costs, and fees. Eversole appeals the imposition of the expenses only, arguing that the trial court failed to conduct a statutorily mandated indigency hearing. Concluding an indigency hearing was required for all but one of the expenses, a $200 drug-interdiction fee that Eversole specifically agreed to pay, we affirm in part, reverse in part, and remand.

## Facts

[2] In August 2023, the State charged Eversole with Level 4 felony dealing in methamphetamine and Level 6 felony possession of methamphetamine. The State also alleged that Eversole was a habitual offender. Eversole and the State eventually entered into an open plea agreement, under which Eversole agreed to plead guilty to the dealing charge in exchange for dismissal of the possession charge and habitual offender allegation. In the event Eversole was placed on probation, the agreement required him to "pay the court costs and fine of this action," "pay all [probation] fees," "reimburse Public Defender fees," "pay all [substance abuse evaluation and/or treatment] associated fees," and "pay the mandatory counter-measure/drug-interdiction fee in the amount of $200." App. Vol. II, p. 41.

In May 2024, Eversole pleaded guilty to dealing in methamphetamine pursuant to the plea agreement. The trial court accepted his plea, entered judgment of conviction, and dismissed both the possession of methamphetamine charge and the habitual offender allegation. Nearly two months later, the court sentenced Eversole to eight years in prison with two years suspended to probation. As terms of Eversole's probation, the trial court ordered Eversole to pay a $10 fine, $189 in court costs, a $100 public defender fee, $895 in probation fees, and a $200 drug-interdiction fee. Eversole appeals the imposition of these expenses.

## Discussion and Decision

We review a trial court's sentencing decisions—including the imposition of fines, costs, and fees—under an "abuse-of-discretion standard." *Spells v. State*, 225 N.E.3d 767, 771 (Ind. 2024). An abuse of discretion occurs when the trial court's decision "is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted a law." *Id.* (quoting *Abbott v. State*, 183 N.E.3d 1074, 1083 (Ind. 2022)).

Eversole claims the trial court abused its discretion by ordering him to pay a fine, costs, and fees without first conducting an indigency hearing to determine his ability to pay. The State does not dispute that the fine, costs, and fees imposed on Eversole were generally of the type that required an indigency

hearing.[1] Instead, the State claims Eversole's plea agreement negated the indigency hearing requirement. Alternatively, the State contends the indigency hearing requirement was effectively satisfied because evidence of Eversole's finances was presented at various other hearings.

[6] We conclude that Eversole's plea agreement negated the indigency hearing requirement for the $200 drug-interdiction fee but not for the fine, costs, and fees for which the agreement did not specify amounts. We also find the evidence of Eversole's finances insufficient to satisfy the indigency hearing requirement. We therefore affirm in part, reverse in part, and remand.

---

[1] In *Spells v. State*, 225 N.E.3d 767 (Ind 2024), our Supreme Court carved out a narrow exception to the general rule requiring indigency hearings, holding that the now-$6 jury fee prescribed by Indiana Code § 33-37-5-19 does not require a hearing because that fee is not one of the fees listed in Indiana Code § 33-37-4-1. *Id.* at 775-76. The probation fees imposed on Eversole are likewise not listed in that statute. But the State does not argue that *Spells* excepts probation fees from the indigency hearing requirement; thus, we need not consider the issue. We also observe that *Spells* cited with approval *Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017), which treated probation fees as "costs" for which an indigency hearing is required under Indiana Code § 33-37-2-3. *Spells*, 225 N.E.3d at 778.

Moreover, the State cites *Spells* in asserting that the trial court was not required to conduct an indigency hearing before ordering Eversole to pay a $100 public defender fee. *Spells*, however, does not support this assertion. *See id.* at 775 (stating trial court was generally "required" to conduct indigency hearing before ordering defendant to pay supplemental public defender fee but ultimately concluding issue of defendant's indigency was "moot" because defendant's cash-bail agreement authorized trial court to retain cash bail to pay publicly paid costs of representation). For all these reasons, we treat the general indigency hearing requirement as undisputed by the State.

# I. Eversole's Plea Agreement Partially Negated the Indigency Hearing Requirement

The State first argues that Eversole's plea agreement negated the indigency hearing requirement by contractually obligating Eversole to pay a fine, costs, and fees. We agree only as to the $200 drug-interdiction fee.

"A plea agreement is contractual in nature, binding the defendant, the State, and the trial court." *Coleman v. State*, 162 N.E.3d 1184, 1189 (Ind. Ct. App. 2021) (quoting *Bennett v. State*, 802 N.E.2d 919, 921 (Ind. 2004)); *see* Ind. Code § 35-35-3-3(e) ("If the [trial] court accepts a plea agreement, it shall be bound by its terms."). Because the terms of Eversole's plea agreement required him to pay a fine, costs, and fees, the State claims Eversole bound himself to pay those expenses and warranted his ability to do so by signing the agreement. Stated differently, the State contends Eversole waived his right to have the trial court inquire into his ability to pay.

But Eversole's plea agreement specified an amount for only one of the expenses listed therein—the $200 drug-interdiction fee. The agreement otherwise only required Eversole to pay an unspecified "fine" and unspecified "court costs," "public defender fees" "probation fees," and "substance abuse evaluation and/or treatment fees." App. Vol. II, p. 41 (cleaned up). Amounts for these expenses were effectively left to the trial court's discretion, the exercise of which required the court to conduct an indigency hearing to determine Eversole's

ability to pay.[2] *See Spells*, 225 N.E.3d at 770; Ind. Code § 35-38-1-18 (fines); Ind. Code § 33-37-2-3 (costs); Ind. Code § 33-37-2-5 (fees).

[10] In this respect, the fine, costs, and fees imposed on Eversole are akin to an order of restitution made as a condition of probation. When a trial court orders a defendant to pay restitution as a condition of probation, "the court is [statutorily] required to inquire into the defendant's ability to pay." *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008); *see* Ind. Code § 35-38-2-2.3(a)(6) ("[T]he court shall fix the amount [of restitution], which may not exceed an amount the person can or will be able to pay."). "This is so in order to prevent indigent defendants from being imprisoned because of a probation violation based on a defendant's failure to pay restitution."[3] *Pearson*, 883 N.E.2d at 772.

[11] This Court has held that, when a defendant enters into a plea agreement that requires them to pay restitution in an unspecified amount as a condition of probation, the defendant does not waive their right to have the trial court

---

[2] Many of Eversole's costs and fees have fixed amounts prescribed by statute. *See, e.g.*, Ind. Code § 33-37-4-1(a) ("For each action that results in a felony conviction . . . , the clerk shall collect from the defendant a criminal costs fee of one hundred twenty dollars ($120)."); Ind. Code § 35-38-2-1(d)(5) ("In addition to any other conditions of probation, the court shall order each person convicted of a felony to pay . . . an administrative fee of one hundred dollars ($100) to either the probation department or the clerk."). We note that Indiana Code § 35-33-7-6.5(e) gives the trial court discretion in setting the final amount of such expenses, providing: "If the court finds that the person is able to pay some of the fines, fees, and court costs, the court may prorate the person's fine, fee, and court costs, and require the person to pay an amount that the person can reasonably afford."

[3] In contrast, "when restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required" because, "[i]n such a situation, restitution is merely a money judgment, *see* I.C. § 35-50-5-3(b), and a defendant cannot be imprisoned for non-payment." *Pearson*, 883 N.E.2d 773.

inquire into their ability to pay. *M.L. v. State*, 838 N.E.2d 525, 529-30 (Ind. Ct. App. 2005). But when a defendant enters into a plea agreement that requires them to pay a specific amount of restitution, the defendant acknowledges their ability to pay that amount and thereby waives the right to have the court inquire into that ability. *P.J. v. State*, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011).

[12]     Applying these principles to Eversole's plea agreement, we conclude that Eversole waived his right to have the trial court inquire into his ability to pay the $200 drug-interdiction fee. But an indigency hearing was required for the fine, costs, and fees for which the agreement did not specify amounts.

## II.     The Evidence of Eversole's Finances Did Not Satisfy the Indigency Hearing Requirement

[13]     The State next argues that the indigency hearing requirement was effectively satisfied because evidence of Eversole's finances was presented at two bail review hearings and Eversole's sentencing hearing. We disagree.

[14]     Indiana Code § 35-33-7-6.5(a) requires a trial court to consider a convicted person's "assets," "income," and "necessary expenses" in determining whether the person is indigent. And in *Spells v. State*, 225 N.E.3d 767 (Ind. 2024), our Supreme Court held that "the record of an indigency determination must disclose evidence" of those three factors to satisfy the indigency hearing requirement. *Id.* at 780. The Court ultimately found the requirement unsatisfied where the record showed the following:

The trial court first questioned Spells about her means at a pretrial hearing in December 2021. At that time, Spells was working thirty to forty hours a week in daycare, earning $800 gross biweekly, living with her sister, and had no children. We note that the court did not inquire further into Spells's necessary expenses or request dollar amounts for them. The court nonetheless appointed counsel, implicitly finding Spells indigent, and imposed the $100 supplemental public-defender fee.

The trial court next heard evidence of Spells's circumstances at the sentencing hearing in July 2022. Responding to questions from defense counsel, Spells explained that she was employed in full-time elder care. However, she was now living alone and expecting a child for whom she would be the primary financial provider. It was apparent that Spells's circumstances had changed since the pretrial hearing. Yet, no further evidence of her assets, income, or necessary expenses emerged at sentencing. The court found Spells indigent as to probation fees but imposed a fine, costs, and other fees.

*Id.* at 779.

[15] The evidence of Eversole's finances was far less revealing than that deemed inadequate in *Spells*. At his first bail review hearing,[4] Eversole disclosed that he had a dependent child with special needs. He also testified that he had not been employed for "a couple years" but identified two businesses that he

---

[4] This Court has previously held that the indigency hearing required by Indiana Code § 35-38-1-18 (fines) and Indiana Code 33-37-2-3 (costs) "must be conducted after a judgment of conviction" because those statutes refer to a "convicted person." *Meunier-Short v. State*, 52 N.E.3d 927, 931 (Ind. Ct. App. 2016); *accord Berry v. State*, 950 N.E.2d 798, 802 (Ind. Ct. App. 2011). But in *Spells*, our Supreme Court discussed evidence presented at a pre-trial hearing in determining whether the indigency hearing requirement was satisfied. 225 N.E.3d at 779. If there is incongruity in these approaches, Eversole's case does not ask us to analyze it.

"guarantee[d]" would hire him if he was released on bond. Tr. Vol. II, pp. 16-17. At his second bail review hearing, Eversole explained that his fiancée receives a "disability check" for their son which they use to pay their bills. *Id.* at 54. And at sentencing, Eversole testified that he had not worked for nearly five years but, through a friend, could find employment at a local diner.

[16] At none of these hearings did the trial court hear evidence of Eversole's assets, potential income, or necessary expenses. The record is therefore insufficient to satisfy the indigency hearing requirement.

## Conclusion

[17] Because Eversole's plea agreement specifically required him to pay a $200 drug-interdiction fee, the trial court was not required to conduct an indigency hearing before imposing it. We therefore affirm the trial court's judgment as to that fee. The trial court, however, was required to conduct an indigency hearing before imposing the fine, costs, and fees for which Eversole's plea agreement did not specify amounts. As the record does not disclose evidence of Eversole's assets, income, and necessary expenses sufficient to satisfy that requirement, we reverse the trial court's judgment as to all expenses other than the $200 drug-interdiction fee.

[18] We remand for the trial court to conduct or schedule an indigency hearing in conjunction with its imposition on Eversole of any other fine, costs, and fees. That is, the court may either: (1) consider Eversole's ability to pay when imposing the expenses, as prescribed by Indiana Code § 35-38-1-18(a) and

Indiana Code § 33-37-2-3(a); or (2) impose the expenses, suspend their payment, and consider Eversole's ability to pay when their payment is due, as prescribed by Indiana Code § 35-38-1-18(b) and Indiana Code § 33-37-2-3(b). We note our Supreme Court's recommendation that, generally, "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration." *Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002).

Affirmed in part, reversed in part, and remanded.

May, J., and Scheele, J., concur.

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana