**Juan RIVERA, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 57A03–0506–CR–307.**

Court of Appeals of Indiana.

Feb. 8, 2006.

---

Daniel M. Grove, Special Assistant to the Public Defender of Indiana, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Juan Rivera appeals his sentence for Class B felony dealing in methamphetamine. We affirm.

## Issues

Rivera raises two issues, which we re-state as:

I. whether the trial court considered improper aggravators when determining his executed sentence after he pled guilty to a fixed term of ten years; and

II. whether his sentence of six years executed is appropriate.

## Facts

On October 18, 2004, Rivera was charged with Class B felony dealing in methamphetamine after he sold 970.8 grams of that drug to an undercover police officer. On April 15, 2005, Rivera pled guilty. The plea agreement called for a fixed term of ten years with the amount of time executed to be determined by the trial court at sentencing.

The trial court sentenced Rivera to ten years with six years executed and four years suspended. At the hearing, the trial court stated:

All right, Mr. Rivera I'm always, uh, troubled when young people with no prior record get involved with, uh, drugs, especially methamphetamine. Th-, this is a huge amount of methamphetamine. And I'm also troubled that while I usually see cases where people are manufacturing methamphetamine... here we are talking about, uh, about packages of, uh, methamphetamine. I've, I've considered the fact that, also considered the fact that you have no prior felony record... and that you plead [sic] guilty rather than go to trial. I think time in, uh, in prison is an important part of sending a message to others as well as drying you out to try to deal with any potential addiction issues you may have. I also believe that it's important to, uh,

transition you back out so that you have some treatment and some period of probation to try to, uh, make sure that you do not re-offend. So I will impose the presumptive ten year sentence... balance the huge amount of methamphetamine with the fact that you had no prior felonies and the guilty plea you entered.

Tr. pp. 11–12 (translation omitted). The trial court's written sentencing order does not include any aggravating circumstances and points out Rivera's guilty plea and lack of prior felony convictions as mitigating circumstances. Rivera now appeals his sentence.

## Analysis

### I. Executed Sentence

Rivera argues that the trial court abused its discretion when it imposed the ten-year sentence. However, pursuant to the plea agreement, which the trial court accepted, Rivera agreed to a ten-year-sentence. "It is within the trial court's discretion to accept or reject a plea agreement and the sentencing provisions therein; however, if the court accepts such an agreement, it is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement." *Bennett v. State*, 802 N.E.2d 919, 921–22 (Ind.2004). Thus, the trial court was not permitted to impose a sentence other than the ten-year sentence agreed to in the plea. *See id.*

Rivera also appears to argue that the trial court had the authority to suspend more than just four years of his ten-year sentence and should have done so. *See* Ind.Code § 35–50–2–2 ("The court may suspend any part of a sentence for a felony ...."). Rivera contends that the trial court improperly found the amount of methamphetamine he possessed and the importance of imposing jail time as aggravators. He asserts that without the alleg-

edly improper aggravators he is entitled to have his sentence further suspended because the trial court found two mitigators, his guilty plea and his lack of prior felony convictions.

 This claim fails. Regarding suspended sentences, we have acknowledged that a "defendant cannot claim that the trial court should have suspended the entire sentence since that issue was discretionary with the trial court." *Smith v. State*, 496 N.E.2d 778, 785 (Ind.Ct.App. 1986), *trans. denied.* Further, Indiana Code Section 35–50–2–2 does not "confer a right to probation, the granting of which rests in the sound discretion of the court." *Flynn v. State*, 412 N.E.2d 284, 288 (Ind. Ct.App.1980). "The authority to fix a sentence within statutorily prescribed parameters is a discretionary power vested in the trial court." *Jones v. State*, 789 N.E.2d 1008, 1010 (Ind.Ct.App.2003), *trans. denied.* "This sentencing authority includes the statutory discretion to suspend and to order probation and establish its terms." *Id.*

Here, the trial court could have ordered Rivera to serve ten years executed. The trial court's decision to suspend four years of Rivera's ten-year sentence is clearly within its discretionary power. We decline Rivera's request to review any aggravators and mitigators the trial court may have considered when determining what portion of his sentence should be suspended.

### II. Appropriateness

 Rivera asks us to review the appropriateness of his sentence under Indiana Appellate Rule 7(B). However, when Rivera pled guilty, he specifically agreed to a ten-year sentence. Rivera's plea agreement did not call for an "open plea" or even a sentence capped at a certain num-

ber of years. *See, e.g., Payne v. State*, 838 N.E.2d 503, 507 (Ind.Ct.App.2005) (concluding that where a defendant pleads guilty but sentencing is left entirely to the trial court's discretion, a defendant may challenge the appropriateness of the sentence), *trans. pending; Eaton v. State*, 825 N.E.2d 1287, 1289 (Ind.Ct.App.2005) (noting that the defendant waived his right to challenge the appropriateness of his sentence by accepting a plea agreement in which he agreed to a sentencing range capped at less than the range authorized by statute). By agreeing to the fixed term of ten years, Rivera impliedly agreed that such a sentence was appropriate. This issue is waived.

 Waiver notwithstanding, we decline Rivera's request to revise his sentence. Given the nature of the offense and the character of the offender, Rivera's ten-year sentence is appropriate. Rivera sold an undercover police officer 970.8 grams methamphetamine. For context, delivery of only three or more grams of methamphetamine elevates dealing in methamphetamine to an A felony. *See* I.C. § 35–48–4–1. This fact, taken with Rivera's guilty plea and lack of felony criminal history, makes the presumptive sentence for a Class B felony an appropriate sentence.[1]

### Conclusion

The trial court properly sentenced Rivera to ten years with four years suspended. We affirm.

Affirmed.

SHARPNACK, J., and RILEY, J., concur.

---

**1.** To the extent Rivera asks us to review the appropriateness of his six-year executed sen-

tence, it is appropriate for the same reasons.