ATTORNEY FOR APPELLANT
Daniel M. Grove
Special Assistant to the Public Defender of Indiana
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

### No. 57S03-0607-CR-273

JUAN RIVERA,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Noble Circuit Court, No. 57C01-0410-FB-000045
The Honorable G. David Laur, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 57A03-0506-CR-307

_____

**July 27, 2006**

**Rucker, Justice.**

After selling approximately two pounds of methamphetamine to an undercover police officer for $1000, twenty-year-old Juan Rivera was arrested and ultimately charged with dealing

in methamphetamine as a Class B felony.[1]  He pleaded guilty to the offense under terms of a plea agreement that provided in relevant part, "[t]en (10) years in the Indiana Department of Corrections, with the parties arguing as to how said sentence shall be served."  App. to Br. of Appellant at 19.  After a hearing the trial court sentenced Rivera to ten years to be served at the Indiana Department of Correction with four years suspended to probation for a total executed term of six years.  Rivera appealed, contending that (1) the trial court took improper factors into consideration when determining how much of Rivera's sentence should be executed and (2) his sentence should be revised pursuant to Indiana Appellate Rule 7(B) because it is inappropriate in light of the nature of the offense and the character of the offender.  Rivera requested that the court "remand this case with instructions to suspend more of the sentence than the four (4) years that was previously ordered to be suspended."  Br. of Appellant at 8.

The Court of Appeals addressed and ultimately rejected Rivera's first claim.  As for Rivera's second claim the court held, "By agreeing to the fixed term of ten years, Rivera impliedly agreed that such a sentence was appropriate.  This issue is waived."  Rivera v. State, 841 N.E.2d 1169, 1172 (Ind. Ct. App. 2006).  In support the court cited Eaton v. State, 825 N.E.2d 1287, 1289 (Ind. Ct. App. 2005), trans. not sought, for the proposition that "the defendant waived his right to challenge the appropriateness of his sentence by accepting a plea agreement in which he agreed to a sentencing range capped at less than the range authorized by statute." Rivera, 841 N.E.2d at 1172.  Despite its waiver determination, the court nonetheless addressed the merits of Rivera's argument and concluded that his sentence was appropriate in light of the nature of the offense and the character of the offender.  Although we now grant transfer, except as otherwise provided below we summarily affirm the Court of Appeals' opinion.

In a recent opinion we disagreed with the view expressed in several Court of Appeals opinions that defendants who enter into certain categories of plea agreements are either barred on appeal from challenging the appropriateness of their sentences under Indiana Appellate Rule

---

[1] Contained in two separate packages, the precise combined weight of the drugs was determined to be 970.8 grams.  Dealing in methamphetamine in an amount in excess of three grams is a Class A felony. See Ind. Code § 35-48-4-1(b).  The record is silent on the question of why Rivera was charged with a Class B felony offense.

7(B) or have acquiesced to their sentences and therefore cannot now complain.  We held instead that Indiana Appellate Rule 7(B)

> articulates a standard of review designed as guidance for appellate courts. . . .  Of course a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review.  But to say that a defendant has acquiesced in his or her sentence or has implicitly agreed that the sentence is appropriate undermines in our view the scope of authority set forth in Article VII, Section 4 of the Indiana Constitution.  We thus disapprove of language in <u>Gist</u>, <u>Mann</u>, and their progeny providing otherwise.[2]

<u>Childress v. State</u>, 848 N.E.2d 2073, 1080 (Ind. 2006).  That is not to say however that every sentence that is the product of a plea agreement is subject to Rule 7(B) review.  Only if the trial court is exercising discretion in imposing sentence may a defendant then contest on appeal the merits of that discretion on the grounds that the sentence is "inappropriate in light of the nature of the offense and character of the offender." <u>Id.</u> at 1078-80.  And whether a defendant pleads guilty under terms of an agreement that provides for an "open plea"[3] or an agreement that provides for a sentencing cap or range, the trial court still must exercise discretion in determining the sentence it will impose. <u>See</u> <u>id.</u> at 1078.  By contrast where a plea agreement calls for a specific term of years, "if the trial court accepts the parties' agreement, it has no discretion to impose any thing other than the precise sentence upon which they agreed." <u>Id.</u> at 1078-79 n.4 (citing <u>Badger v. State</u>, 637 N.E.2d 800, 802 (Ind. 1994) ("[I]f the court accepts the agreement, it becomes bound by the terms of the agreement."); <u>Blackburn v. State</u>, 493 N.E.2d 437, 439 (Ind. 1986) ("Although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement.")).

In this case, the plea agreement is not "open" in the sense that sentencing is left completely to the trial court's discretion.  Nor does the plea agreement contain a sentencing cap or sentencing range.  Nonetheless the plea agreement here still affords the trial court some

---

[2] <u>Eaton</u>, <u>supra</u>, was among the opinions containing language of which we disapproved. <u>See</u> <u>Childress</u>, 848 N.E.2d at 1077 n.2.

[3] <u>See</u> <u>Collins v. State</u>, 817 N.E.2d 230, 231 (Ind. 2004) ("A plea agreement where the issue of sentencing is left to the trial court's discretion is often referred to as an 'open plea.'").

amount of discretion in imposing sentence.  More precisely the trial court was left to decide "how said sentence shall be served."  Stated somewhat differently, although the trial court was bound to impose a ten-year sentence, it retained the discretion to determine the amount of the sentence that would be suspended to probation.[4]  And precisely because the trial court retained discretion in determining the amount of the sentence that would be executed, Rivera did not waive his right to contest the merits of that discretion on grounds that the sentence is "inappropriate in light of the nature of the offense and the character of the offender."  As indicated earlier in this opinion the Court of Appeals addressed the merits of Rivera's claim.[5] We decline to address the claim further.

The judgment of the trial court is affirmed.

Shepard, C.J., and Sullivan and Boehm, JJ., concur.
Dickson, J., concurs in result without separate opinion.

---

[4] The trial court suspended four years of Rivera's sentence to probation.  Because Rivera was not otherwise ineligible, the trial court had the discretion to suspend Rivera's entire sentence.  See I.C. § 35-50-2-2.

[5] On transfer, counsel for Rivera acknowledges that the Court of Appeals reviewed the merits of Rivera's Rule 7(B) claim notwithstanding a finding of waiver.  He also acknowledges "[t]he propriety of the sentence is fact specific to the instant case and does not seem to be a novel question of law worthy of discretionary review by this Court."  Pet. to Trans. at 7.  We appreciate counsel's candor.