# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 05 2019, 8:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal
Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Lee Meschen,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 5, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1329<br><br>Appeal from the Parke Circuit Court<br><br>The Honorable Samuel A. Swaim, Judge<br><br>Trial Court Cause No.<br>61C01-1609-F4-268 |

**Barteau, Senior Judge.**

# Statement of the Case

Robert Meschen appeals the sentence he received for multiple convictions of both child exploitation and possession of child pornography. We affirm.

# Issues

Meschen presents three issues for our review, which we consolidate and restate as two:

> I. Whether the trial court erred in sentencing Meschen.

> II. Whether Meschen's sentence is inappropriate.

# Facts and Procedural History

In September 2016, Meschen was charged with five counts of Level 4 felony child exploitation[1] and five counts of Level 5 felony possession of child pornography.[2] Subsequently, Meschen filed a motion for competency evaluation. The trial court granted the motion and appointed two doctors to evaluate Meschen. A competency hearing was held in April 2017, at which the trial court found Meschen to be incompetent. The court ordered Meschen committed to the state division of mental health and addiction for competency restorative services. In November, following treatment at Logansport State

---

[1] Ind. Code § 35-42-4-4 (2016).

[2] Ind. Code § 35-42-4-4.

Hospital, Meschen attained his competency. He was returned to jail for disposition of these charges, and, pursuant to a plea agreement, he pleaded guilty but mentally ill (GBMI) to all ten charges in January 2018. The agreement provided for an aggregate sentence of 5,475 days (i.e., fifteen years) and left to the judge's discretion how the sentence would be served and how much, if any, of the sentence would be suspended. It was agreed that both parties could present evidence and make recommendations to the trial court.

[4] Pursuant to the terms of the plea agreement, the trial court sentenced Meschen to concurrent terms of 2,190 days (i.e., six years) on each of the first four counts of child exploitation, with an additional 2,190 days on the fifth count to be served consecutively thereto. In addition, he was ordered to serve 1,095 days (i.e., three years) on each of the five counts of possession of child pornography, to be served concurrently to one another and consecutively to the fifth count of child exploitation, for a total aggregate sentence of 5,475 days. The court then exercised its discretion under the agreement to order that the first 4,380 days (i.e., twelve years) of the sentence be executed, with the balance suspended to probation. Meschen now appeals his sentence.

# Discussion and Decision

## I. Abuse of Sentencing Discretion

### A. Failure to Suspend Sentence

[5] Meschen first contends the trial court erred by suspending only three years of his fifteen-year sentence.

[6]     Pursuant to his plea agreement, which was accepted by the trial court, Meschen agreed to an aggregate fifteen-year sentence and to leaving to the court's discretion the portion of the sentence to be suspended, if any. "It is within the trial court's discretion to accept or reject a plea agreement and the sentencing provisions therein." *Bennett v. State*, 802 N.E.2d 919, 921 (Ind. 2004). "A plea agreement is contractual in nature, binding the defendant, the State, and the trial court." *Vaughn v. State*, 982 N.E.2d 1071, 1073 (Ind. Ct. App. 2013). Accordingly, once the court accepts an agreement, it is strictly bound by the agreement's provisions, including those concerning sentencing. *Bennett*, 802 N.E.2d at 921-22.

[7]     Here, at sentencing the trial court found three mitigating circumstances and no aggravating circumstances. It also determined that Meschen had "received a substantial benefit from the plea agreement already," Tr. Vol. 2, p. 72, referring to the fact that the sentences for the five counts of child exploitation could have all been ordered to be served consecutively to each other because they are crimes of violence. *See* Ind. Code § 35-50-1-2(a)(16) (2016). Meschen argues the trial court improperly considered this a benefit that offset the mitigating effect of the three mitigating circumstances, thus causing the court to order only three years of his fifteen-year sentence suspended.

[8]     A decision not to suspend a sentence is reviewable only for an abuse of discretion. *Turner v. State*, 878 N.E.2d 286, 296 (Ind. Ct. App. 2007), *trans. denied*. "The suspension of a sentence is a matter of grace and a judicial favor to

a defendant. In other words, a suspended sentence is not something to which a defendant has a right or an entitlement." *Id.*

[9] Thus, the trial court would have acted well within its discretion if it had ordered Meschen to serve the entire fifteen-year sentence. Instead, the trial court showed leniency by suspending three years of the sentence. Even if the trial court considered improper circumstances, Meschen was not entitled to have any portion of his sentence suspended. In determining Meschen's sentence, the court stated, "obviously the crimes are pretty horrendous and there's gonna have to be some accountability there," and it characterized the twelve-year sentence as "a fair sentence given everything combined here." Tr. Vol. 2, p. 73.

[10] Additionally, although acknowledging that the trial court found his mental illness to be a mitigating circumstance when determining what portion, if any, of his sentence to suspend, Meschen alleges the court erred because its consideration of his mental illness was "minimal" and it did not indicate what mitigating weight it accorded his illness.

[11] Our Supreme Court has stated that "a GBMI defendant is not automatically entitled to any particular credit or deduction from his otherwise aggravated sentence simply by virtue of being mentally ill." *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998). Trial courts should consider what mitigating weight, if any, to accord a defendant's mental illness, but the court has no obligation to give the defendant's illness the same weight as does the defendant. *Id.* Moreover, the relative weight or value assignable to mitigating circumstances found by the

trial court is not subject to review for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[12] The trial court found Meschen's mental illness to be a mitigating factor. To the extent that he claims the trial court abused its discretion in failing to give this mitigating factor greater weight, this claim is not available for appellate review. *See id.* While recognizing Meschen's three proffered mitigators, including his mental illness, the trial court determined that the circumstances in this case did not warrant suspension of more than three years of his aggregate sentence. The trial court did not abuse its discretion.

### B. Imposition of Probation User Fees

[13] Meschen next asserts that the trial court erred in ordering probation fees that exceed the statutory maximum.

[14] Sentencing decisions include decisions to impose fees and costs, and we review these decisions for an abuse of discretion. *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* "If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion." *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[15] The court ordered Meschen to pay an initial probation user's fee of $100 for each of his ten convictions for a total of $1,000. Appellant's App. Vol. II, p.

137.  Meschen argues this amount is improper, alleging the statute only permits a maximum of $100 in initial probation user's fees.

[16]  Indiana Code section 35-38-2-1 (2012) governs conditions of probation. Subsection (b) provides that if a person is convicted of a felony and placed on probation, the trial court shall order the person to pay probation user's fees as prescribed in subsection (d) of the statute.  Subsection (d), in turn, mandates that the court shall order each person convicted of a felony to pay "not less than twenty-five dollars ($25) nor more than one hundred dollars ($100) as an initial probation user's fee."  Ind. Code § 35-38-2-1(d)(1).  Finally, subsection (i) provides:

> (i) A person placed on probation for more than one (1) crime:
>
>> (1) may be required to pay more than one (1) initial probation user's fee . . . .

[17]  The fees imposed by the trial court fall within the parameters of the statute.  We find no abuse of discretion.

## II. Inappropriate Sentence

[18]  Meschen argues that his sentence is inappropriate in light of the nature of his offenses and his character.  He maintains that the trial court should have suspended his fifteen-year sentence to time served, with the remainder to be served on probation.

[19]     Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Thus, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[20]     A plea agreement that does not provide for an open plea but nevertheless affords the trial court some discretion in sentencing is subject to review under Rule 7(B). *Rivera v. State*, 851 N.E.2d 299, 301-02 (Ind. 2006) (holding that agreed ten-year sentence was subject to Rule 7(B) review because trial court had exercised discretion in determining how much of sentence was suspended to probation). Such is the case here where the plea agreement provides for a fifteen-year sentence, and the trial court was to determine how much, if any, of the sentence would be suspended. Thus, the only question for us on appeal is whether the trial court's order suspending three years is inappropriate.

[21]     To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offenses. Here, Meschen agreed to the advisory sentence on all ten counts and to an aggregate sentence of fifteen years.[3]

[22]     Next, we look to the nature of the offenses and the character of the offender. As to the nature of the current offenses, we note that Meschen pleaded guilty but mentally ill to five counts of child exploitation and five counts of possession of child pornography. These offenses involved possessing and sharing images of children under the age of twelve—including infants and toddlers, some in bondage—being forced to engage in sexual conduct. Police obtained more than 3,565 files from Meschen's computer, the majority of which contained child

---

[3] *See* Ind. Code § 35-50-2-5.5 (2014) (advisory sentence for Level 4 felony is six years); *see also* Ind. Code § 35-50-2-6(b) (2014) (advisory sentence for Level 5 felony is three years).

pornography. At his sentencing, a detective testified that he had "a pretty significant collection" of child pornography and that "the content of his collection [ ] was alarming." Tr. Vol. 2, p. 49. The trial court characterized Meschen's offenses as "horrendous," *id.* at 73, and even Meschen himself concedes that his offenses are "disturbing." Appellant's Br. p. 21.

[23] Yet, Meschen argues that because he was alleged to have only possessed and shared the images and not alleged to have created the images, his "offenses suggest, at most, concurrent, advisory sentences." *Id.* However, Meschen's plea agreement specifically provided for certain consecutive terms. The agreement called for concurrent, advisory terms on each of the first four counts of child exploitation, with an advisory term on the fifth count to be served consecutively thereto. In addition, the agreement provided for advisory terms on each of the five counts of possession of child pornography, to be served concurrently to one another and consecutively to his aggregate sentence on the five counts of child exploitation, for a total aggregate sentence of fifteen years. By accepting the plea agreement, Meschen agreed to a portion of his sentences to be consecutive. The sole factor left to the court's discretion was the portion of his fifteen-year sentence, if any, that would be suspended. Thus, review of the consecutive sentencing terms is not available for Meschen on appeal. *See Rivera*, 851 N.E.2d at 301-02 (recognizing that trial court is bound by terms of plea agreement and Rule 7(B) review is not available where court has imposed term that is non-discretionary). Nothing about the nature of Meschen's offenses persuades us that his twelve-year executed sentence is inappropriate.

With regard to the character of the offender, we observe that the trial court considered Meschen's lack of criminal history as a mitigating circumstance. However, while it is true that Meschen has no formal criminal history, he has not led a law-abiding life. Most notably, in telling detectives he was not certain how long he had been downloading child pornography from the internet, he referred to obtaining child pornography from a website that had been closed down for approximately five years. Meschen also admitted frequent marijuana use as well as use of other illegal drugs.

In his brief, Meschen asserts that his character "supports great leniency in sentencing." Appellant's Br. p. 21. He then provides a timeline of his behaviors and diagnoses without providing any information to support his contention beyond what the court had already determined. The court found Meschen's mental illness to be a mitigating factor, and, in light of Meschen's plea of guilty but mentally ill, he will be evaluated and treated for his mental illness in the DOC. *See* Ind. Code § 35-36-2-5(c) (2015).

Considering both the nature of the offenses and the character of the offender, and giving due consideration to the trial court's sentencing decision, we are unable to conclude that Menschen's twelve-year sentence is inappropriate.

# Conclusion

For the reasons stated, we conclude that the trial court did not abuse its discretion in sentencing Meschen and that his sentence is not inappropriate given the nature of the offenses and his character.

Affirmed.

Pyle, J., and Tavitas, J., concur.