## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Jun 27 2019, 8:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Christopher E. Campbell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 27, 2019

Court of Appeals Case No.
19A-CR-303

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

Trial Court Cause No.
45G02-1705-F4-19

**Baker, Judge.**

[1] Christopher Campbell appeals the ten-year sentence imposed by the trial court after he pleaded guilty to Level 4 Felony Causing Death When Operating a Motor Vehicle, arguing that the sentence is inappropriate in light of the nature of the offense and his character. Finding the sentence not inappropriate, we affirm.

# Facts

[2] On October 17, 2016, Campbell was driving near 73rd Avenue in Merrillville when he struck then-seventeen-year-old Andrew Salka, who had been walking near the roadway. It was later determined that Campbell had been driving in excess of the speed limit. Salka sustained numerous injuries, including a skull fracture and fractures in his upper and lower extremities. He was first transported to Methodist Hospital and then transported to Loyola Hospital, where Salka later died of his injuries. Campbell was also taken to Methodist Hospital, where he was treated for his injuries and underwent a medical evaluation. The results from that evaluation concluded that Campbell tested positive for schedule I hallucinogenic drugs, schedule II opiates, and schedule IV depressants.

[3] At the time of this incident, Campbell's driving privileges had been suspended for ten years, with an expiration date of October 21, 2023. Also, Campbell had had his driver's license suspended forty-nine times since 1991. Campbell has an extensive criminal record, which includes convictions for Class B misdemeanor reckless driving, Class A misdemeanor possession of marijuana, Class A

misdemeanor possession of drug paraphernalia, Class A misdemeanor operating while intoxicated, Class C misdemeanor operating while intoxicated, Class D felony operating while intoxicated, and Class A misdemeanor driving while suspended.

[4] On May 22, 2017, the State charged Campbell with one count of Level 4 felony causing death when operating a motor vehicle, one count of Level 5 felony causing death when operating a motor vehicle, and one count of Level 6 felony operating a motor vehicle as an habitual traffic offender. On November 14, 2018, Campbell entered into a guilty plea agreement, pursuant to which he agreed to plead guilty to the Level 4 felony charge in exchange for dismissal of the other charges. Additionally, the State agreed to cap sentencing for Campbell's Level 4 felony conviction at ten years. At Campbell's January 8, 2019, sentencing hearing, the trial court heard testimony from Campbell, counsel from both parties, and witnesses. Thereafter, the trial court sentenced Campbell to ten years in the Department of Correct (DOC), the maximum term permitted under the plea agreement. Campbell now appeals.

# Discussion and Decision

[5] Campbell's sole argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Specifically, Campbell contends that the trial court should not have imposed the maximum ten years in the DOC and that his sentence should have included placement in community corrections to treat his alleged opiate addiction.

[6] Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In determining whether the sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). It is our job to leaven the outliers, not to achieve a perceived "correct" sentencing result. *Id.* at 1225. Even though the State agreed to cap sentencing for his Level 4 felony conviction at ten years, the trial court's sentence is still subject to a 7(B) review. *See Rivera v. State*, 851 N.E.2d 299, 301 (Ind. 2006) (holding that if "a[] [plea] agreement . . . provides for a sentencing cap or range, the trial court still must exercise discretion in determining the sentence it will impose").

[7] The maximum sentence for a Level 4 felony causing death when operating a motor vehicle conviction is twelve years, and the minimum sentence is two years. Ind. Code § 35-50-2-5.5. The advisory sentence is six years. *Id.* Here, pursuant to the limits established in the plea agreement, the trial court sentenced Campbell to ten years in the DOC, the maximum term permitted.

[8] First, as to the nature of the offense, Campbell committed a heinous offense with multiple drugs—both legal and illegal—in his system. Campbell claims that he "self-medicates after a workplace injury that led to a back surgery,"

appellant's br. p. 10, and that the cocktail of drugs found in his system is the result of a self-diagnosed opiate addiction. However, Campbell's medical evaluation revealed that he had ingested hallucinogens, opiates, and depressants—a lethal combination of both medicinal and recreational drugs. Also, even though his license had been suspended forty-nine times in the past and was suspended at the time of the incident, Campbell drove his vehicle over the speed limit and recklessly killed another human being. Campbell disregarded the law, got behind the wheel, and thought it would be wise to drive with a bevy of drugs flowing through his body. Therefore, we find that the nature of Campbell's offense does not render his sentence inappropriate.

[9] Next, as to the character of the offender, Campbell has a long criminal history, including convictions for Class B misdemeanor reckless driving, Class A misdemeanor possession of marijuana, Class A misdemeanor possession of drug paraphernalia, Class A misdemeanor operating while intoxicated, Class C misdemeanor operating while intoxicated, Class D felony operating while intoxicated, and Class A misdemeanor driving while suspended. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (holding that "it is appropriate to consider such a [criminal] record as a poor reflection on the defendant's character, because it may reveal that he . . . has not been deterred even after having been subjected to the police authority of the State[]"). Most, if not all, of these offenses involve the use of intoxicating or mind-altering substances and the operation of a motor vehicle. Campbell has defied the law many times and continues to do so to this day. It is clear from Campbell's

criminal record and the behavior he exhibited in this case that he shows no signs of reform, despite multiple opportunities for improvement. Therefore, we find that Campbell's character does not render his sentence inappropriate.[1]

[10]    In sum, we will not revise Campbell's sentence pursuant to Indiana Appellate Rule 7(B).

[11]    The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.

---

[1] Despite Campbell's claim that he should have been placed in community corrections for at least part of his sentence to treat his alleged opiate addiction, we point out that Campbell has had opportunities in the past to treat his substance abuse issues, including treatment as part of an acute detox program in 2010, prior placement in community corrections during probation, and participation in a victim impact panel. *See* Sent'g Tr. Vol. III p. 30-32. We fail to see how additional probation or further placement in community corrections will serve as a deterrent to Campbell's ongoing streak of criminal behavior.